**UNITED STATES of America, Appellee,**

v.

**Earl SHEPPARD, Jr., a/k/a Tank, Appellant.**

**No. 77–2370.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 16, 1978.

Decided Dec. 22, 1978.

---

Barbara Gold, Baltimore, Md., for appellant.

Glenn L. Cook, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty. and Neal M. Janey, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

By this appeal, the defendant/appellant challenges on a number of grounds both the voluntariness of his guilty plea to a conspiracy charge of distributing heroin in violation of § 846, 21 U.S.C., and the sentence imposed. We find no merit in any of his complaints, save his claim that he was not adequately informed of the maximum special parole term which might be imposed as a part of his sentence under his plea.

The district judge, in conducting the Rule 11 examination preliminary to accepting the plea of guilty, painstakingly sought to advise the defendant the consequences of a guilty plea. In so doing, he correctly told him his plea, if accepted, would require a minimum special parole sentence of three years. He did not, however, explain to him what the maximum special parole sentence might be. After he had thus set forth the sentence to which the defendant would expose himself by a guilty plea (omitting any statement of the maximum special parole term that might be imposed), the district judge then stated, "[y]ou understand that those are the maximum penalties." It is possible from all this that the defendant may have understood that the maximum special parole sentence could not exceed three years.

Even if he did so understand that the maximum special parole term could not exceed three years it would not mean, though, that the defendant's guilty plea would have to be set aside. If the sentence were corrected by reducing the special parole term to three years, the sentence would conform to precisely what the defendant himself claims he understood to be the maximum sentence to which he exposed himself by his plea. In that circumstance, there would be no necessity to invalidate the defendant's guilty plea in order to insure that the defendant understood the consequences of his plea, which is a purpose of Rule 11. See Bell v. United States (4th Cir. 1975) 521 F.2d 713, 715, cert. denied 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324.

We do not, however, feel that it is proper to determine at the appellate level whether the sentence should be corrected by changing the special parole term to three years, thereby preserving the plea, or whether the defendant should be allowed to plead anew, with the understanding that, if he pleads guilty, he will subject himself to an unlimited special parole term; that is a matter which the district judge, with his unique knowledge of the gravity of the defendant's offense and of any mitigating circumstances, is better able to resolve.

We accordingly remand the cause to the district court with direction, in its discretion, either to reduce the special parole term as provided in the defendant's sen-

tence to three years or to set aside the defendant's plea and to permit him to plead again.

REMANDED WITH DIRECTIONS.