**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Robert B. LEWIS, Defendant–Appellant.**

**No. 88–3494.**

United States Court of Appeals,
Fifth Circuit.

June 1, 1989.

Roma A. Kent, Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Michael E. McMahon, Robert J. Boitman, New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, WILLIAMS, and DAVIS, Circuit Judges.

THORNBERRY, Circuit Judge:

The defendant-appellant Lewis brings this appeal seeking a vacation of his guilty plea because the court violated Rule 11 of the Federal Rules of Criminal Procedure by misstating the maximum special parole term that could be imposed. Lewis also raises claims that his attorneys were ineffective and that the court should not have accepted his guilty plea because he lacked the requisite intent. We affirm the district court in all respects.

Lewis was indicted on three counts of importation of marijuana. Lewis ultimately pled guilty to each of the three counts. Before Lewis entered his plea, the district judge told Lewis that each count carried a maximum sentence of five years imprisonment, a fine of $5000, or both, plus *a two-year special parole term.* The judge then explained that because Lewis was indicted on three counts, he could face up to fifteen years in prison, a fine of $15,000, or both, plus *a six-year special parole term.* The district court erred in his statement of the maximum special parole term. The actual special parole term is a minimum of two years and a maximum of life for each count.

After hearing the potential sentence he could receive, Lewis submitted a "Bryan letter" to the court which contained his plea and his understanding of the maximum penalties. Lewis stated that he had conferred with his attorney and had read, understood and signed the letter. The court ultimately sentenced Lewis to ten years imprisonment with a special parole

term of fifteen years (five years for each count).

Several years after his sentencing, Lewis filed a habeas corpus petition asking the court to vacate his plea because the court erred when telling him the maximum special parole term and had sentenced him to a term longer than Lewis had believed possible at the time he pled guilty. Because Lewis relied on the earlier, erroneous statement of the special parole term when making his plea, the district court reduced the special parole term to six years, which was consistent with the court's original statement that Lewis could face a maximum six-year special parole term. On appeal, Lewis urges that the court should have vacated his plea, not reduced the special parole term.

Lewis argues that the court violated Rule 11 by misinforming him of the maximum special parole term. In 1982, Rule 11 of the Federal Rules of Criminal Procedure required that:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; ...

The district court recognized that there had been a violation of Rule 11 when the court misinformed Lewis as to the maximum special parole term, and, accordingly, reduced Lewis' special parole term to six years—the term Lewis undertood was the maximum. The issue on appeal is the adequacy of the court's remedy of reducing Lewis' special parole term to comport with the information Lewis was given at the time of his sentencing. Lewis urges that his plea was unconstitutional and that the court's remedy after habeas review did not render his plea constitutional.

In *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), where a prosecutor recommended a sentence longer than the sentence he had promised the defendant, the Supreme Court recognized that the state had violated Rule 11 and held that:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced before a different judge, or whether, in the view of the state court, the circumstances require [withdrawal of the plea].

Following the reasoning of the *Santobello* court, we recognize that it is not necessary in every instance to vacate a plea that was accepted in violation of Rule 11. Rather, we must review the district court's remedy following a Rule 11 violation and determine whether the remedy eliminated any prejudice the defendant suffered as a result of the violation of Rule 11.

In the instant case, the district court reduced Lewis' special parole term to comport with the explanation the court gave to Lewis when he entered his plea. The reduced special parole term did not exceed the term Lewis contemplated he might receive. Had the court originally sentenced Lewis to a six-year special parole term, he would not have been surprised nor would he have any grounds to contest the sentence. Therefore, we find that the district court's reduction of Lewis' special parole term remedied any prejudice to Lewis.[1] *See United States v. Sheppard*, 588 F.2d 917 (4th Cir.1978) (holding that where the court informed the defendant that the maximum special parole term was three years and the defendant was sentenced to a special parole term exceeding three years, the district court could reduce the defendant's

---

1. Lewis argues that had he known that the special parole term was a minimum of two years and a maximum of life, he would not have pled guilty. Although such an allegation, if proven, could support a finding that there was sufficient prejudice to require vacation of a plea, Lewis has not introduced any proof or explanation to support this claim.

special parole term to three years to comply with Rule 11).

We also find that there is insufficient evidence to support Lewis' claims of ineffective assistance of counsel. Lastly, we reject as meritless Lewis' allegation that he denied having the requisite intent and that his plea should be vacated on these grounds.

For the above reasons, we AFFIRM.