**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny Mack BLAIR, Defendant–Appellant.**

No. 88–1988.

United States Court of Appeals, Fifth Circuit.

May 17, 1990.

David W. Coody, Dallas, Tex. (court-appointed), for defendant-appellant.

Johnny Mack Blair, pro se Seagoville, Tex.

Delonia A. Watson, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, JOHNSON and DUHÉ, Circuit Judges.

PER CURIAM:

FACTS AND PROCEEDINGS BELOW

Johnny Mack Blair pled guilty to conspiracy to manufacture, possess, and distribute amphetamine. Before accepting the plea, the district court addressed Blair and informed him that he could receive a maximum sentence of twenty years incarceration and a fine of $1,000,000. There was no mention of supervised release. The court sentenced Blair to seventy-seven months of incarceration and five years of supervised release. On appeal, Blair argues that the district court did not comply with Fed.R.Crim.P. 11.

FEDERAL RULES OF CRIMINAL PROCEDURE 11

Rule 11(c)(1) states that before accepting a guilty plea, the district court must inform

---

* Judges Williams and Garwood are recused, and therefore did not participate in this decision.

the defendant of and determine that he understands, inter alia, the "maximum possible penalty provided by law, including the effect of any special parole term or term of supervised release." In *United States v. Molina–Uribe,* 853 F.2d 1193 (5th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989) we held that the substantive rights of a defendant were violated when he was not informed of the possibility of special parole or supervised release.

The appellee argues that *Molina–Uribe* is distinguishable from the instant case. It contends that the defendant in *Molina–Uribe* faced the possibility of special parole for life. Since the defendant in the instant case may be sentenced to only five years of supervised release, the error is not so grave as to require reversal. We disagree. The appellant in the instant case, like the defendant in *Molina–Uribe,* was not fully informed of the potential consequences of his guilty plea. The rationale of *Molina–Uribe* did not rest upon the duration of the possible period of supervised release.

Nor can the appellee successfully argue that the error was harmless[1] because the appellant was informed that the maximum sentence was twenty years and his actual sentence—time of incarceration plus supervised release—is far less than twenty years. In *Molina–Uribe,* for example, the defendant was not warned that he could be sentenced to special parole but he was told that the sentence could be as great as forty years. Although the term of imprisonment and of special parole to which he was sentenced amounted to less than forty years, we held that the error affected the defendant's substantial rights and was, therefore, not harmless. 853 F.2d at 1200. The failure to inform of the possibility of supervised release vitiates a guilty plea.[2] *But see United States v. Sanclemente-Bejarano,* 861 F.2d 206 (9th Cir.1988) and *United States v. Barry,* 895 F.2d 702 (10th Cir. 1990). The plea must be set aside and

Blair given the opportunity to plead anew. *See Molina–Uribe,* 853 F.2d at 1200.

The plea and sentence are VACATED and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

1. *See* Fed.R.Crim.P. 11(h) and *United States v. Dayton,* 604 F.2d 931 (5th Cir.1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980).

2. A different result would be mandated if the court informed the defendant of the possibility of supervised release but erred as to its duration. *See, e.g., United States v. Reyes–Ruiz,* 868 F.2d 698 (5th Cir.1989).