**UNITED STATES of America, Plaintiff–Appellee,**

v.

**George ANDREWS, Jr., Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Salvador Torres GARCIA, Defendant–Appellant.**

**Nos. 89–1844, 89–5678.**

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1990.

---

Terrence W. Kirk and Joseph A. Turner, Austin, Tex., for George Andrews, Jr.

Lucien B. Campbell, Federal Public Defender, Alfredo R. Villarreal and R. Clark Adams, Asst. Federal Public Defenders, San Antonio, Tex., for Salvador Torres Garcia.

Joan E.T. Stearns, LeRoy Morgan Jahn, Asst. U.S. Attys., Helen M. Eversberg, Ronald F. Ederer, U.S. Attys., San Antonio, Tex., and David Lewis, Asst. U.S. Atty., Dept. of Justice, Austin, Tex., for U.S.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

WIENER, Circuit Judge.

In these cases, consolidated on appeal for oral argument, appellant George Andrews, Jr., pleaded guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and appellant Salvador Torres Garcia pleaded guilty to conspiring to possess with intent to distribute an unspecified quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The district court sentenced Andrews to 27 months of imprisonment followed by 5 years of supervised release, and ordered him to pay a $5,000 fine, $3,800 in restitution, and a $50 special assessment. Another district court sentenced Garcia to 151 months of imprisonment followed by 3 years of supervised release, and imposed a $50 special assessment. Both appellants timely appealed.

On appeal both appellants allege that in accepting their guilty pleas without having advised them of the maximum term of supervised release, the court failed to comply with Rule 11(c)(1) of the Federal Rules of Criminal Procedure. Andrews also claims that the district court improperly punished him for cooperating with law enforcement officials after he had pleaded guilty. Garcia additionally claims that in not inquiring whether his willingness to plead guilty resulted from prior discussion between his attorney and government counsel, the court failed to comply with Rule 11(d) of the Federal Rules of Criminal Procedure.

Finding that the district court completely failed to advise Garcia of the minimum and maximum terms of supervised release, we reverse his conviction, vacate his plea, and remand for him to plead anew. Finding that the district court inadequately informed Andrews regarding supervised release, we remand the cause to that district court with direction, in its discretion, either to reduce the term of supervised release or to set aside the plea and permit Andrews to plead anew.

I

FACTS AND PROCEEDINGS BELOW

A. Andrews

At Andrews' rearraignment proceedings on May 22, 1989, the court told Andrews that "the maximum possible penalty under the offense which you are facing is 20 years of imprisonment, a million dollars in fines, supervised release of three years." A three-year term of supervised release is the mandatory minimum term under 21 U.S.C. § 841(b)(1)(C), the offense to which Andrews pleaded guilty. A term of three years is also the mandatory minimum under section 5D1.2 (a) (formerly section 5D3.1 (a)) of the Sentencing Guidelines (U.S.S.G.). Section 5D1.2 (a) states that "[i]f a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater." The penalty that, on August

21, 1989, the district court imposed on Andrews included, in addition to 27 months of imprisonment, five years of supervised release.

## B. Garcia

At Garcia's plea hearing on June 19, 1989, the court told Garcia that "the maximum penalty ... is twenty years of imprisonment and a fine of one million dollars." It also told Garcia that "it is mandatory that you be given ... two years of supervised release in addition to any other imprisonment, if in fact your sentence is imprisonment of more than one year." The court did not mention that, for a Class B felony,[1] the Sentencing Guidelines impose a mandatory supervised release term of three to five years. U.S.S.G. § 5D1.2(b)(1) (formerly § 5D3.2(b)(1)). The penalty that, on November 21, 1989, the court imposed on Garcia included, in addition to 151 months of imprisonment, three years of supervised release.

## II

## ANALYSIS

### A. Federal Rule of Criminal Procedure 11

When Andrews' and Garcia's plea and sentencing proceedings occurred, Rule 11(c)(1) stipulated that before accepting a guilty plea, the district court "must address the defendant personally" and "inform the defendant of, and determine that the defendant understands ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole."[2]

This court has held that Rule 11(c)(1) compels the Court to inform the defendant not only of the mandatory minimum, but of the possible maximum post-incarceration period during which the special parole will be effective along with an explanation of how it would operate ... and to be itself convinced that the defendant understands the Court's advice and explanations.

*United States v. Molina–Uribe*, 853 F.2d 1193, 1200 (5th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989); *see also United States v. Humphrey*, No. 89–5605 (5th Cir. Mar. 9, 1990 [898 F.2d 152 (table)]).[3] When the district court fails entirely to inform the defendant of the minimum and maximum terms of supervised release, the defendant's "substantive rights [a]re affected and his plea of guilty ... must be set aside and he be allowed an opportunity to plead anew." *Molina*, 853 F.2d at 1200.

### 1. Garcia

In Garcia's case, the court failed to inform the defendant of both the mandatory minimum three years and of the maximum five years of supervised release. Instead, the court told Garcia that two years of supervised release were mandatory.

---

1. When on June 10–18, 1988, Garcia committed the conspiracy offense to which he pleaded guilty, offenses carrying a maximum term of imprisonment of twenty years or more were classified as Class B felonies. 18 U.S.C. § 3559(a)(2) (1988). Section 3559 was amended November 18, 1988. Anti–Drug Abuse Act, Pub.L. No. 100–690, § 7041, 102 Stat. 4181, 4399 (1988).

2. Since Andrews' and Garcia's proceedings, a "technical change" to rule 11 has added the term "supervised release." Anti–Drug Abuse Act, Pub.L. No. 100–690, § 7076, 102 Stat. 4181, 4406 (1988). The advisory committee "recognize[d] that defendants sentenced under the guideline approach will be concerned about supervised release rather than special parole." Fed.R.Cr.P. 11 Advisory Committee's Note to 1989 Amendments.

Before the rule change, this court had noted that "the post-incarceration monitoring device referred to as 'special parole' and that referred to as 'supervised release' present only a distinction without a difference." *United States v. Molina–Uribe*, 853 F.2d 1193, 1197–98 (5th Cir. 1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). *Accord United States v. Barry*, 895 F.2d 702, 704 (10th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990); *United States v. Smith*, 840 F.2d 886, 890 n. 3 (11th Cir.), *cert. denied*, 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988). Consequently, when the court accepted Andrews' and Garcia's pleas in 1989, Rule 11(c)(1) applied to both "supervised release" and "special parole."

3. Unpublished opinions of this circuit are precedent. Local Rule 47.5.3. The government cited *Humphrey* in both cases currently before us.

Not informing Garcia about the minimum and maximum terms of supervised release, and, in fact, stating a term that is shorter than the mandatory minimum, is an "entire failure" to address the core concern of Rule 11 that the defendant both understand and know the direct consequences of his plea. *See United States v. Dayton*, 604 F.2d 931, 939 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980)). Such a failure, this court has held, "ordinarily requires reversal." *United States v. Pierce*, 893 F.2d 669, 679 (5th Cir.1990) (citing *Dayton*, 604 F.2d at 939).

The government argues that even if the district court did violate Rule 11(c)(1), Rule 11(h) requires this court to affirm if it concludes that the error was harmless. Rule 11(h) expressly states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." This court has previously held, however, that it will not treat as harmless error the total failure to address a core requirement of Rule 11. *Pierce*, 893 F.2d at 679 (citing *Dayton*, 604 F.2d at 939).[4]

## 2. Andrews

■ In Andrews' case, the district court told the defendant that he faced supervised release of three years (the mandatory minimum term under both 21 U.S.C. § 841(a)(1), the statute that Garcia pleaded guilty to violating, and U.S.S.G. § 5D1.2(a)). The court did not advise Andrews that he could face up to five years of supervised release, the maximum term under the Sentencing Guidelines, U.S.S.G. § 5D1.2(a), and the term to which it later sentenced him.

This court has held that, under certain circumstances, failing to state or incorrectly stating the maximum term of supervised release is harmless error and not an entire failure to address a core concern of Rule 11

requiring the defendant's guilty plea to be set aside. *United States v. Humphrey*, No. 89–5605 (Mar. 9, 1990 [898 F.2d 152 (table)]); *United States v. Reyes–Ruiz*, 868 F.2d 698 (5th Cir.1989). In both *Humphrey* and *Reyes–Ruiz* we concluded that the district court's not informing the defendant of either the maximum term or the correct maximum term of supervised release could not have realistically influenced the defendants' decisions to plead guilty. *Humphrey*, No. 89–5605 at 5; *Reyes–Ruiz*, 868 F.2d at 703.

In *Humphrey* this court refused to set aside a guilty plea when the district court advised the defendant of the correct two-year minimum term of supervised release but not of the three-year maximum term. *Humphrey*, No. 89–5605 (Mar. 9, 1990 [898 F.2d 152 (table)]). The evidence of Humphrey's guilt was overwhelming. *Id.* at 5. Had Humphrey been tried on his four-count indictment, he could have faced, just on the count to which he had pleaded guilty, a maximum prison term of twenty years. *Id.* For these reasons Humphrey did not, nor could he plausibly, assert that, having been informed of the minimum two-year period of supervised release, he would have pleaded differently had he known that the period of supervised release capped at only three years. *Id.* The district court's error was harmless, *id.* at 2, because it could not have realistically influenced Humphrey's decision to plead guilty. *Id.* at 5.

In *Reyes–Ruiz* we refused to vacate a sentence (which did not include supervised release) imposed after the court had erroneously told the defendant at his plea hearing that the maximum term of supervised release was two and not three years. *Reyes–Ruiz*, 868 F.2d 698. We held the error harmless. *Id.* at 704. The failure to comply with Rule 11 is not fatal, we noted, if that failure was not " 'likely to have been

4. This court has also expressly rejected the argument that the failure to inform constitutes harmless error when the court informs the appellant, as in the cases now before us, "that the maximum sentence was twenty years and his actual sentence—time of incarceration plus supervised release—is far less than twenty years."

*United States v. Blair*, 902 F.2d 323, 324 (5th Cir.1990); *contra United States v. Barry*, 895 F.2d 702, 704–05 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990); *United States v. Sanclemente–Bejarano*, 861 F.2d 206, 210 (9th Cir.1988).

a material factor affecting the petitioner's decision to plead guilty.' " *Id.* at 703 (citations omitted). Because Reyes was caught transporting illegal aliens and was subject to deportation upon release, the district court's misstatement of the maximum term, we stated, "could not have had any significant influence on the decision to plead guilty." *Id.*

Andrews' term of supervised release exceeded by two years the minimum term of which the court had informed him. Andrews, however, does not, nor could he plausibly, assert that he would have changed his plea had he known that he could face two further years of supervised release. The evidence of his guilt was overwhelming. Moreover, had Andrews been tried on his two-count indictment, he would have faced a substantially greater maximum prison term and a substantially greater Sentencing Guidelines imprisonment range.

Nevertheless, Andrews may indeed have understood the district court to mean that his term of supervised release would not exceed the three years, the statutory minimum, of which the court had informed him. At the plea hearing the court did mention only a three-year term of supervised release which it later exceeded when sentencing Andrews. But his misunderstanding does not mean that his guilty plea must be vacated. For example, when a defendant might have understood a court's explanation of a special parole sentence to mean that the maximum, and not the minimum, sentence was three years, the Fourth Circuit has held that the misunderstanding did not require the guilty plea to be set aside. *United States v. Sheppard,* 588 F.2d 917, 918 (4th Cir.1978). In *Sheppard* the court stated that "[i]f the sentence were corrected by reducing the special parole term to three years, the sentence would conform to precisely what the defendant claims he understood to be the maximum sentence to

which he exposed himself by his plea." *Id.* at 918. In that circumstance, the court noted, "there would be no necessity to invalidate the defendant's guilty plea in order to insure [sic] that the defendant understood the consequences of his plea, which is a purpose of Rule 11." *Id.; see Moore v. United States,* 592 F.2d 753, 756 (4th Cir.1979) (when the sentence exceeds the term of which the court has informed the defendant, the "appropriate remedy" is set forth in *Sheppard*).

In *United States v. Lewis,* 875 F.2d 444, 445 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), we found that the district court's reducing special parole to the term that it had stated to Lewis at the plea hearing remedied any prejudice that he suffered as a result of the violation of Rule 11. The reduced term did not exceed the term that Lewis thought that he might receive. *Id.* Had the court originally sentenced Lewis to that term, "he would not have been surprised nor would he have any grounds to contest the sentence." *Id.*

If Andrews' supervised release term were reduced to three years, the penalty would conform precisely to the maximum term of supervised release to which Andrews claims he understood his guilty plea would expose him. As in *Sheppard,* however, we do not believe "that it is proper to determine at the appellate level whether the term of supervised release should be corrected" by changing the term to three years, "thereby preserving the plea, or whether the defendant should be allowed to plead anew, with the understanding that, if he pleads guilty, he will subject himself to a possible [five-year term of supervised release]." *Sheppard,* 588 F.2d at 918. That choice is a matter better left to the district judge because he possesses a unique knowledge of the gravity of Andrews' offense and of any mitigating circumstances.[5] *Id.*

---

5. In both cases currently before us, the government also argues that the presentence investigation report (PSR) informed the defendants of the terms of supervised release.

Rule 11(c)(1) mandates that *"[b]efore accepting a plea of guilty,"* the court must inform the

defendant of the minimum and maximum penalties, "including the effect of any special parole or supervised release term." Consequently, as to its duty concerning these mandatory terms, the court can neither postpone informing the defendant until after it has accepted his guilty

## B. Downward Departure—Andrews

Andrews argues that the court improperly punished him for cooperating in undercover activity, without the court's permission, after his plea hearing and before sentencing. Andrews asked the district court to depart downward from the sentencing guideline range. He concedes that his sentence was within the guideline range and that the court was not obligated to depart downward. Nevertheless, Andrews argues that the cause should be remanded to determine whether his " 'violation of the law' in cooperating," with the government was improperly held against him.

■ This court will uphold a district court's refusal to depart from the guidelines unless the refusal violates the law, *United States v. Velasquez*, 868 F.2d 714, 715 (5th Cir.1989); or unless it is imposed as a result of incorrect application of the sentencing guidelines, or is a departure from the applicable guideline range and is unreasonable. *United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

■ Andrews' arguments are meritless. First, the court did not, as he concedes, incorrectly apply the guidelines, nor did it depart from them. Second, after the court learned the details of Andrews' cooperation and after the government had accepted responsibility for not advising the court of Andrews' undercover activity, the court allowed Andrews a two-point reduction for accepting responsibility for his crimes. Finally, Andrews' argument would have us shift the burden from the appellant to show

that the sentence imposed violated the law to the district court to show that it did not violate the law. Such a shifting of burdens contravenes the principles established by *Velasquez*, 868 F.2d at 715, and *Buenrostro*, 868 F.2d at 137. Andrews has not shown that the district court violated the law. Consequently, we reject his argument that we remand the cause to determine whether the court improperly held his cooperating with the government against him.

## C. Voluntary Plea—Garcia

■ Because we are vacating Garcia's plea and remanding to permit Garcia to plea anew, we do not address his claim that the district court "completely failed to inquire whether [his] 'willingness' to plead guilty resulted from prior discussion between his attorney and government counsel" as Rule 11(d) requires.[6] We do, however, note that satisfying Rule 11(d) does not require the court to invoke a "talismanic phrase." The court does not have to ask specifically if "the defendant's willingness to plead guilty ... results from prior discussions between the attorney for the government and the defendant or the defendant's attorney." The requirement in Rule 11(d) ensures that the plea is "voluntary and knowing and [that] if ... induced by promises, the essence of those promises ... [will] in some way be made known." Fed.R.Cr.P. 11 Advisory Committee Note to 1974 Amendments.[7] It brings "the arrangements surrounding the plea out into the open." *United States v. Robertson*, 698 F.2d 703, 708 (5th Cir.1983). Even though a district court does not use the exact language of Rule 11(d), it satisfies

---

plea nor delegate its responsibility to inform the defendant to either the probation officer or the PSR.

The probation officer prepares the PSR after the court has accepted a defendant's plea. Likewise, sentencing occurs after the court has accepted the plea. Consequently, neither a PSR nor a sentencing hearing could have notified Garcia and Andrews of the mandatory limits of supervised release *before the court accepted their pleas*.

6. Rule 11(d) states:
   The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, deter-

mining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.

7. The effective date of the 1974 Amendments was postponed until 1975. Act of July 30, 1974, Pub.L. No. 93–361, 88 Stat. 397; Federal Rules of Criminal Procedure Amendments Act, Pub.L. No. 94–64, 89 Stat. 370 (1975).

the specific requirement of Rule 11(d) when it exposes to public view the terms of any plea agreement and ensures that the plea is voluntary.

### III

### CONCLUSIÓN

Because the district court in accepting Garcia's guilty plea totally failed to address a core concern of Rule 11, we must vacate his plea, reverse his conviction and remand to the district court to permit Garcia to plead anew. Because, by contrast, the court inadequately informed Andrews of the minimum and maximum terms of supervised release, we remand the cause to the district court with direction, in its discretion, either to reduce to three years the term of supervised release or to vacate the plea and permit Andrews to plead anew.

The judgement of the district court as to Garcia is, therefore, REVERSED and REMANDED for further proceedings. As to Andrews, the cause is REMANDED WITH DIRECTIONS.