7 F.3d 222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas A. CHILTON, Jr., Petitioner-Appellant,
v.
Edward MURRAY; Mary Sue Terry, Attorney General of
Virginia, Respondents-Appellees.
 No. 93-6407.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 21, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Thomas A. Chilton, Jr., Appellant Pro Se.
 Robert H. Anderson, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, for Appellees.
 E.D.Va.
 DISMISSED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas A. Chilton, Jr., appeals from the magistrate judge's order[1] refusing habeas corpus relief pursuant to 28 U.S.C.s 2254 (1988). Our review of the record and the magistrate judge's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal substantially on the reasoning of the magistrate judge.[2] Chilton v. Murray, No. CA-92154 (E.D. Va. Mar. 18, 1993). We deny Chilton's motion for release pending appeal, his motion for summary judgment, and his request for production of transcripts at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) (1988)
 
 
 [2]
 We note that the magistrate judge improperly termed the state court's failure to advise Chilton of the probation term-a direct consequence of his guilty plea-as a breach of the plea agreement. Because a court is not a party to the plea agreement, this was in error. However, the magistrate judge's conditional grant of the habeas writ, which allowed the state court to strike the offending probation term as unadvised, was the proper relief for the failure to advise. Moore v. Sheppard, 588 F.2d 917, 918 (4th Cir. 1978). Thus, the error was harmless, and Chilton has received the relief he was due