United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-30815
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILLIAM SCOTT TATUM,**

**Defendant-Appellant.**

--------------------------------------------------------------------

**Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50086-ALL**

--------------------------------------------------------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

        William Scott Tatum appeals his guilty plea conviction

and sentence for possession of a firearm by a convicted felon in

violation of 18 U.S.C. § 922(g)(1).

        Tatum contends that the district court clearly erred when

it applied the four-level adjustment under U.S.S.G. § 2K2.1(b)(5)

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because there was no evidence that he used or possessed the firearm in connection with another felony offense.

U.S.S.G. § 2K2.1(b)(5) provides for a four-level sentencing increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The district court's determination of the relationship between the firearm and another offense is a factual finding reviewed for clear error. United States v. Condren, 18 F.3d 1190, 1199-1200 (5th Cir. 1994).

The district court did not clearly err when it found that Tatum possessed the firearm in connection with the burglary. Although there is no evidence that Tatum actually used the firearm during the commission of the burglary, he admittedly possessed the firearm, it was readily available to him, and it could have been used to facilitate the burglary and his escape. See United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997); see also Condren, 18 F.3d at 1200. Accordingly, the district court properly applied the four-level adjustment under U.S.S.G. § 2K2.1(b)(5).

Tatum contends that 18 U.S.C. § 924(e) constitutes a separate criminal offense and, thus, the three predicate felonies must be presented to a jury and proved beyond a reasonable doubt. This argument is foreclosed by our decisions in United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002) and United States v. Affleck, 861 F.2d 97, 99 (5th Cir. 1988).

Tatum also contends that the district court erred when it found that two burglary convictions entered on the same date

pursuant to a single bill of information under one docket number for which concurrent sentences were imposed constituted two separate convictions for purposes of 18 U.S.C. § 924(e).

This court reviews the application of a sentencing enhancement de novo. United States v. Munoz, 150 F.3d 401, 419 (5th Cir. 1998). "Multiple convictions arising from the same judicial proceeding but from separate criminal transactions constitute multiple convictions for purposes of [18 U.S.C.] § 924(e)." United States v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995); see also United States v. Herbert, 860 F.2d 620, 622 (5th Cir. 1988). "Where . . . multiple offenses are not part of a continuous course of conduct, they cannot be said to constitute either a criminal spree or a single criminal transaction for purposes of section 924(e)." United States v. Washington, 898 F.2d 439, 441 (5th Cir. 1990).

The district court did not err when it found that Tatum's two burglary convictions constituted two separate convictions and sentenced him as an armed career criminal under 18 U.S.C. § 924(e). Tatum pleaded guilty to the simple burglary of the inhabited dwelling of Cynthia Jones on February 21, 1995, and to the simple burglary of the inhabited dwelling of Danny Fuller on February 22, 1995. Tatum successfully completed the first burglary, safely escaped, and the following day committed the second burglary. Thus, his burglaries of two different residences on two consecutive days arose out of separate courses of conduct and were crimes

3

"committed on occasions different from one another" for purposes of 18 U.S.C. § 924(e). See Washington, 898 F.2d at 441-42. The fact that Tatum was convicted in a single proceeding from a single bill of information under one docket number with sentences imposed to run concurrently is not dispositive. See Herbert, 860 F.2d at 622.

Finally, Tatum contends that the district court erred when it sentenced him beyond 15 years because he was not informed at the guilty plea hearing that the maximum sentence to which he could be exposed if 18 U.S.C. § 924(e) was found to apply was any greater than the 15-year mandatory minimum. The Government concedes that Tatum was not fully advised of the maximum sentence to which he was exposed by his guilty plea and contends that the 188-month sentence imposed by the district court should be reduced to the 180-month mandatory minimum of which Tatum was clearly advised.

This court has held that when a sentence exceeds the term of which the court has informed the defendant, the district court may remedy any prejudice suffered as a result of the FED. R. CRIM. P. 11 violation by reducing the term to conform to the maximum term of which he was informed. United States v. Andrews, 918 F.2d 1156, 1161 (5th Cir. 1990); see also United States v. Lewis, 875 F.2d 444, 445 (5th Cir. 1989). Tatum does not contend otherwise. Therefore, we modify the sentence to reflect the 15-year minimum term that Tatum acknowledged to be applicable.

**AFFIRMED AS MODIFIED.**