United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 7, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30815
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM SCOTT TATUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50086-ALL
_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, Chief Judge, and BENAVIDES, and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

William Scott Tatum pleaded guilty to possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

After his guilty plea, the Government filed a notice of intent to

seek sentencing pursuant to the Armed Career Criminal Act ("ACCA"),

18 U.S.C. § 924(e). Section 924(e) imposes a mandatory minimum

sentence of fifteen years, or one hundred eighty months, if a

defendant is found guilty of § 922(g)(1) and "has three previous

convictions . . . for a violent felony or serious drug offense, or

---

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

both, committed on occasions different from one another." The district court applied ACCA and sentenced Tatum to one hundred eighty-eight months, pursuant to U.S.S.G. § 4B1.4.

At sentencing, Tatum objected to the application of the ACCA, arguing that whether or not his three previous convictions were committed on different occasions is a fact that must be determined by a jury. On direct appeal, we affirmed his conviction and the application of ACCA, but modified his sentence to reflect the fifteen-year minimum term that Tatum acknowledged to be applicable, because he was not informed at his plea hearing that his sentence could be greater than the fifteen-year mandatory minimum. See United States v. Tatum, No. 03-30815 (May 26, 2004).

Tatum then filed a writ of certiorari with the Supreme Court, which vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Tatum v. United States, 125 S. Ct. 1013 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

The first step in analyzing Tatum's claims is determining if the district court committed error, and if so, what type of error. See United States v. Walters, 418 F.3d 461 (5th Cir. 2005) ("This court differentiates between the two types of error addressed in Booker.") The court did err in sentencing Tatum under a mandatory Guidelines regime, instead of an advisory regime, the so-called Fanfan error. See United States v. Valenzuela-Quevedo,

2

407 F.3d 728, 732-33 (5th Cir 2005). However, for reasons that will soon become clear, the district court did not commit a Sixth Amendment <u>Booker</u> error.

As we have repeatedly held, nothing in <u>Booker</u> or <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), overruled <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>See</u> <u>United States v. Bonilla-Munqia</u>, 422 F.3d 316, 318-19 (5th Cir. 2005). Accordingly, a district court may continue to utilize past convictions to enhance a defendant's sentence without implicating <u>Booker</u>. In so doing, however, the district court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1257 (2005).

Here, the district court utilized the Bill of Information from Tatum's guilty plea to determine that Tatum's two burglary convictions constituted two separate convictions. The court referred to the Bill of Information in determining that Tatum pleaded guilty to the simple burglary of the inhabited dwelling of Cynthia Jones on February 21, 1995, and to the simple burglary of the inhabited dwelling of Danny Fuller on February 22, 1995. As we noted in our prior opinion, Tatum successfully completed the first burglary, safely escaped, and the following day committed the second burglary. As a Bill of Information is a charging document

3

and thus specifically enumerated in the Supreme Court's <u>Shepard</u> holding, there is no Sixth Amendment error.

Tatum fares no better on his <u>Fanfan</u> challenge regardless of this court's standard of review.[1] Under ACCA, Tatum was subject to a mandatory minimum sentence of one hundred eighty months. He has been sentenced to one hundred eighty months. Because Tatum would still be subject to the one hundred eighty-month sentence under an advisory regime, the <u>Fanfan</u> error is harmless.

Accordingly, because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment affirming, as modified, Tatum's conviction and sentence.

**AFFIRMED AS MODIFIED.**

---

[1] If the court's error in sentencing under a mandatory regime is considered preserved in the trial court, the Government has sustained its burden of proving harmless error. If the error was not preserved, and Tatum bears the higher burden of plain error, he cannot satisfy it.