UNITED STATES of America,
Plaintiff–Appellee,

v.

Salvador GARCIA–GARCIA,
Defendant–Appellant.

No. 90–8668
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1991.

---

Henry J. Bemporad, Robert F. Castaneda, Asst. Federal Public Defenders, San Antonio, Tex., and Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Donna S. Miller, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Salvador Garcia–Garcia (Garcia) was convicted, on his plea of guilty, of illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. The government concedes that the district court completely failed to advise Garcia at his guilty plea hearing about either the possibility or the effect of the supervised release term to be imposed upon him, but contends the error was harmless. We invoked the harmless error doctrine in our recent decision in *United States v. Bachynsky*, 934 F.2d 1349 (5th Cir.1991) (en banc), which overruled our prior precedent barring the application of harmless error analysis to such errors. Concluding that the noncompliance with the requirements of Federal Rule of Criminal Procedure 11(c)(1) was not harmless in this case, we reverse the conviction, vacate the sentence, and remand to permit Garcia to plead anew.

Facts and Proceedings Below

On September 14, 1988, Garcia, a Mexican citizen, was convicted of unlawful possession of marihuana in the 171st District Court in El Paso County, Texas. After that conviction, Garcia was deported from the United States on June 14, 1989. Since his deportation, Garcia has not received the consent of the Attorney General to reapply for admission into the United States.

On May 20, 1990, Garcia was found in the El Paso County Jail by a United States Border Patrol agent who had been assigned to check jail custody records. The Immigration and Naturalization Service lodged a detainer against him for deportation.

A one-count indictment was returned against Garcia, charging him with illegal reentry into the United States after deportation, subsequent to conviction for a felony, in violation of 8 U.S.C. § 1326. On September 24, 1990, at a combined Rule 11 hearing for six defendants, including Garcia, wishing to plead guilty to unrelated offenses, the district court accepted Garcia's guilty plea to the offense charged in the indictment.

At the guilty plea hearing, the district court advised the defendant that he could receive a prison sentence of up to five years, a fine of $250,000, and a $50 special assessment. The district court did not mention to Garcia (or, for that matter, any of the other defendants whose guilty pleas were also accepted at the hearing) the possibility or effect of a term of supervised

release, and no mention whatever of supervised release (or anything comparable thereto) was made at the hearing.

At sentencing on October 30, 1990, the district court sentenced Garcia in accordance with the sentencing guidelines [1] to twenty-seven months' imprisonment, three years' unsupervised release,[2] and a $50 special assessment. No fine was imposed. Garcia appealed to this Court without moving in the district court to withdraw his plea.

## Discussion

Garcia argues that the total failure of the district court to mention during the plea colloquy anything whatever concerning supervised release violates the requirements of Federal Rule of Criminal Procedure 11(c)(1) and requires reversal. Until recently, this Court maintained that such an error could never be harmless. *United States v. Bachynsky (Bachynsky I)*, 924 F.2d 561, 568 (5th Cir.1991), *rev'd*, 934 F.2d 1349 (5th Cir.1991) (en banc); *United States v. Andrews*, 918 F.2d 1156, 1159 (5th Cir.1990); *United States v. Blair*, 902 F.2d 323, 324 (5th Cir.1990); *see United States v. Molina–Uribe*, 853 F.2d 1193, 1200 (5th Cir.1988). In *United States v. Bachynsky (Bachynsky II)*, 934 F.2d 1349 (5th Cir. 1991) (en banc), this Court, overruling prior precedent, held that a district court's total failure during a plea colloquy to mention or explain the effect of supervised release does not automatically constitute a total failure to address a Rule 11 core concern and thus does not automatically mandate reversal. 934 F.2d at 1360.

In *Bachynsky II*, we held that where a district judge during the plea colloquy advised the defendant of the maximum statutory term of imprisonment and otherwise complied with the requirements of Rule 11(c)(1) by explaining the maximum penalty that could be imposed, his complete failure to advise the defendant of the potential imposition of a term of supervised release could be harmless, "assuming the aggregate maximum period of incarceration under the actual sentence of imprisonment and supervised release cannot exceed the statutory maximum explained to the defendant." 934 F.2d at 1360. In *Bachynsky II* this test was met, and "[w]e therefore examine[d] the facts and circumstances of [that] case to see if the district court's flawed compliance with the maximum penalty component of Rule 11(c)(1) may reasonably be viewed as having been a material factor affecting Dr. Bachynsky's decision to plead guilty." 934 F.2d at 1360. Examining these facts and circumstances, including Dr. Bachynsky's impressive education, his representation by highly competent counsel, the extensive negotiation of a highly complex plea agreement, Dr. Bachynsky's personal involvement therein, and his failure to object to the mention of supervised release in the Presentence Investigation Report (although he objected to it on other grounds) or to its imposition at sentencing, we concluded that the error in that case was harmless. 934 F.2d at 1360–61.

Garcia, on the other hand, faces a possible period of incarceration in excess of the maximum penalty of which he was advised. As he was sentenced to twenty-seven months' imprisonment to be followed by three years' supervised release, Garcia faces a possible period of incarceration of five years and three months, and a potential restraint on his liberty (assuming revocation on the last day of the supervised

---

1. The base offense level under U.S.S.G. § 2L1.2(a) was 8, to which 4 levels were added pursuant to § 2L1.2(b)(1) for having previously been deported after conviction for a felony, other than a felony involving a violation of the immigration laws, and 2 levels were subtracted pursuant to § 3E1.1 for acceptance of responsibility. The adjusted offense level, 10, and the criminal history category, V, resulted in a guideline range of 21–27 months' imprisonment.

2. Although what the district court imposed was styled "unsupervised release" by the district court and is so termed by the parties, it is more accurately characterized as supervised release without supervision. No supervision was required because it was anticipated that Garcia would be deported upon completion of his prison sentence.

release term) of eight years and three months. As each of these exceeds the five year maximum possible sentence of which he was advised, Garcia was prejudiced by the district court's total failure to even mention supervised release.[3] Further, we observe that in contrast to Dr. Bachynsky, Garcia was a foreigner who did not speak English, was only twenty-one years old, had only a sixth grade education, and pled guilty to the indictment without the benefit of a plea bargain.

Even assuming that the prejudice could lawfully be cured by modifying the sentence, see *Bachynsky II*, 934 F.2d at 1360 n. 11, we conclude such relief is not appropriate here. The sentencing guidelines require a sentence of at least twenty-one months' imprisonment and two years' supervised release. *See* U.S.S.G. § 5D1.2(b)(2). Such a sentence would still result in a potential restraint on Garcia's liberty of five years and nine months.

While the issue may be a close one, ultimately we are unable to conclude the error was harmless.

### Conclusion

For the foregoing reasons, the judgment of the district court is REVERSED, the sentence is VACATED, and the case is REMANDED to permit Garcia to plead anew.

---

3. It is not conclusive that the supervised release was without supervision. Because any violation of the terms of the supervised release could result in Garcia being returned to prison for the full amount of the supervised release term, without credit for the period already served, it was still a restraint on Garcia's liberty.