986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Samuel SALAS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-1362.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 23, 1993.
Rehearing Denied April 5, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Samuel Salas pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. He appealed his sentence on due process grounds, and we affirmed. United States v. Salas, No. 90-1132 (7th Cir. February 22, 1991) (unpublished order). He then filed a 28 U.S.C. § 2255 motion to vacate his conviction, alleging that his guilty plea was not knowing and voluntary and that he was denied effective assistance of counsel, and requesting an evidentiary hearing on these issues. The district court denied his § 2255 motion, as well as his motion to reconsider brought pursuant to Fed.R.Civ.P. 59(e) and his motion for leave to proceed in forma pauperis on appeal. This appeal followed.
 
 I. BACKGROUND
 
 2
 On May 9, 1989, a federal grand jury returned a three-count indictment against Robert M. Parker and Samuel Salas. Salas was charged with conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I) and with distribution of approximately one-half ounce of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II).[1] Salas entered into a plea agreement with the government which provided that Salas would plead guilty to Count I of the indictment in exchange for a twelve-year sentence and dismissal of Count II of the indictment. At the time Salas presented the plea agreement to the district court, he also submitted a challenge to the presentence report and the Sentencing Guideline calculation proposed by the Probation Department. The district court subsequently rejected the agreement on the grounds that the information would support a sentence in excess of twelve years imprisonment. The court then adjourned to allow Salas time to consult with his attorney in deciding whether to withdraw his guilty plea.
 
 
 3
 A hearing concerning Salas' objections to the presentence report was held on January 4, 1990. The district court found that under Guideline § 4B1.1, Salas must be classified as a career offender, which set Salas' base offense level at 34 and his criminal history category at level VI.[2] The court also found that Salas would be eligible for a downward adjustment of the offense level to 32 for acceptance of responsibility. The court then informed Salas that he would be facing a sentencing range of 210 to 262 months in prison, and allowed him an opportunity to withdraw his guilty plea. Salas, through his attorney, indicated that since the accuracy of the court's application of the Sentencing Guidelines was subject to appellate review, he would proceed with his guilty plea and sentencing. Prior to pronouncing sentence, the court again reviewed its determinations, stating that Salas would be subject to a sentence of 210 to 262 months and three to five years of supervised release, and ascertained that Salas' attorney had fully reviewed the presentence report with him and had no further objections. Salas was then sentenced to a term of 225 months in prison and three years of supervised release on Count I. Count II was dismissed upon motion of the government. The court subsequently issued a Sentencing Memorandum to provide a written record of its reasons for imposing the sentence.
 
 
 4
 Salas appealed his sentence on the grounds that the Sentencing Guidelines violate due process by preventing the district court from imposing individualized sentences and by not requiring that the factors considered in determining the length of sentence be proved beyond a reasonable doubt. In an unpublished order, a panel of this court affirmed the district court. United States v. Salas, No. 90-1132 (7th Cir. February 22, 1991). Salas then filed a § 2255 motion to vacate his conviction, which was denied on January 10, 1992. Salas' motion for reconsideration, which the court treated as a Rule 59(e) motion, and Salas' motion for leave to proceed in forma pauperis on appeal were also denied. Salas filed a timely appeal challenging the denial of these three motions.[3]
 
 II. ANALYSIS
 
 5
 Salas raises the following issues in his § 2255 motion for collateral relief, none of which were presented on appeal: (1) his sentence was imposed "in violation of law" and as a result of an incorrect application of the Sentencing Guidelines;[4] (2) his guilty plea was not knowing and voluntary; (3) ineffective assistance of counsel during his guilty plea hearing; (4) ineffective assistance of counsel on appeal. Because Salas' counsel on direct appeal was also his counsel during his guilty plea hearing, he is not procedurally barred from raising his ineffective assistance of counsel claim for the first time in his habeas petition. Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991). Salas may not, however, obtain collateral relief on his other claims unless he shows both "cause" excusing his failure to raise them on direct appeal, and "actual prejudice" resulting from the error. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982); see also Murray v. Carrier, 477 U.S. 478, 489-91, 106 S.Ct. 2639, 2646-47 (1986) (same standard must be satisfied whether defendant failed to object to error before the trial court or failed to raise claim on appeal, citing Reed v. Ross, 468 U.S. 1, 104 S.Ct. 2901 (1984)).
 
 
 6
 Although ineffective assistance of counsel may itself be a cause for procedural default, in order to meet his burden the defendant must show that counsel's performance was constitutionally inadequate under the standard of Strickland v. Washington. See Murray, 477 U.S. at 488, 106 S.Ct. at 2645. Thus, Salas must establish that (1) his attorney committed errors so serious that his performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064, 2068 (1984). Since failure to satisfy either prong of the Strickland standard is fatal to an ineffective assistance of counsel claim, United States v. Slaughter, 900 F.2d 1119, 1124 (7th Cir.1990), if Salas fails to show prejudice resulting from counsel's alleged errors, he has procedurally defaulted on his remaining claims. See Velarde, 972 F.2d at 827, 828-29.
 
 
 7
 Turning first to Salas' claim of ineffective assistance of counsel before the trial court, the record reveals that at the January 4, 1990 hearing Salas' attorney raised the following objections to the presentence report and Sentencing Guideline calculation: (1) Salas' two prior felony convictions should be treated as related cases, which would preclude sentencing Salas as a career criminal; (2) the increase in penalty based on career criminal classification violates Salas' due process and equal protection rights; (3) that raising both Salas' base offense level and his criminal history category for the same prior conduct is a form of double jeopardy; and (4) that a two-level reduction for acceptance of responsibility should apply, even if the court decided to sentence Salas as a career criminal.[5] Appropriate challenges to Salas' sentence were thus fully aired and ably argued. Furthermore, the hearing transcript and Sentencing Memorandum reveal no error in the calculation of Salas' sentence. In particular, the district court was correct in determining that Salas should be sentenced as a career offender under the Guidelines, in light of the fact that his two prior felony convictions for controlled substance offenses were separated by an intervening arrest. See United States v. Woods, 976 F.2d 1096, 1102 (7th Cir.1992); U.S.S.G. § 4A1.2 Application Notes n. 3. Under these circumstances, Salas has failed to show either constitutionally inadequate performance on the part of counsel at the sentencing hearing, or prejudice resulting from any alleged errors.
 
 
 8
 Concerning trial counsel's performance in assuring that Salas' guilty plea was knowing and voluntary, Salas alleges that he was not made aware of the effect of supervised release on the potential length of his incarceration at the time he pleaded guilty, citing United States v. Garcia-Garcia, 939 F.2d 230 (5th Cir.1991) for the proposition that such error is prejudicial. Garcia-Garcia is, however, distinguishable in two important respects: the defendant in that case was never made aware of the possibility of being sentenced to a term of supervised release, and as a consequence of the term of supervised release to which he was sentenced, he faced a possible period of incarceration in excess of the maximum penalty of which he was advised before pleading guilty. Garcia-Garcia, 939 F.2d at 231, 232-33.
 
 
 9
 The record before us shows that prior to pleading guilty, Salas was advised by the court of the possibility of supervised release. Furthermore, the maximum period of incarceration of which he was advised, namely, 262 months, exceeds by one month the total period of incarceration (225 months) plus supervised release (three years, or 36 months) to which he was actually sentenced. Cf. United States ex rel. Miller v. McGinnis, 774 F.2d 819, 823-24 (7th Cir.1985) (period of supervised release resulted in imposition of a sentence substantially greater than that agreed upon). Finally, at the guilty plea hearing Salas' attorney assured the court that he had fully reviewed the presentence report with Salas and that Salas understood the penalties he was facing. Salas has thus failed to show that counsel committed unprofessional errors resulting in an involuntary or unintelligent guilty plea.[6] Salas' ineffective assistance of trial counsel claim must accordingly fail.
 
 
 10
 In order to demonstrate ineffective assistance of appellate counsel, whether intended to serve as a "cause" excusing procedural default or presented as an independent claim, Salas must show that issues which could have been raised on appeal are "clearly stronger than those (that were) presented." Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986). Furthermore, the failure to raise even an obvious issue is not prejudicial unless it "may have resulted in a reversal of the conviction, or an order for a new trial." Id.
 
 
 11
 As discussed above, the district court was correct in its computation of Salas' base offense level and criminal history category, and the record shows that Salas' guilty plea was made with constitutionally adequate knowledge of the penalty he would be facing. Had Salas' counsel raised these issues on appeal, there is no reasonable probability that his sentence would have been vacated or that he would have been permitted to plead anew. See United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087-88 (1979) (concern with finality has special force with respect to convictions based on guilty pleas) (citations omitted).
 
 
 12
 Turning next to counsel's double jeopardy argument before the district court, this court has already determined that a sentence calculated under the Guidelines which falls within the statutory range established by Congress does not violate the double jeopardy clause. United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (1993); United States v. Alvarez, 914 F.2d 915, 920 (7th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). Since Salas' 225 month sentence is well within the statutory maximum, raising the double jeopardy argument on appeal would have been futile. Having suffered no prejudice through counsel's failure to renew these arguments on appeal, Salas cannot meet the Strickland standard for proving ineffective assistance of counsel. 466 U.S. at 694, 697, 104 S.Ct. at 2068, 2069. By the same token, Salas cannot show cause for procedurally defaulting on these claims by failing to raise them on appeal. Murray, 477 U.S. at 488, 106 S.Ct. at 2645. Accordingly, Salas is not now entitled to have them considered on their own merits, outside the framework of his ineffective assistance of trial counsel claim. See Velarde, 972 F.2d at 830. Nor is Salas entitled to an evidentiary hearing on any of his claims, since the record before the court is sufficient to establish that his Sixth Amendment right to effective counsel was not violated. See Matta-Ballesteros v. Herman, 896 F.2d 255, 258 (7th Cir.), cert. denied, 111 S.Ct. 209 (1990).
 
 
 13
 The district court's denial of petitioner's Rule 59(e) motion to reconsider is reviewed only for abuse of discretion. See, e.g., Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir.1991). Since Salas did not present the district court with any new facts or grounds which warranted reconsideration of its denial of his § 2255 motion, the court did not abuse its discretion in denying Salas' motion to reconsider its decision. See Samuels v. American Motors Sales Corp., 969 F.2d 573, 578 (7th Cir.1992).
 
 
 14
 Finally, since Salas decided to pay the filing fee on appeal rather than to challenge the district court's denial of his § 1915 motion to proceed in forma pauperis, that issue is now moot.
 
 CONCLUSION
 
 15
 The district court's denial of Salas' § 2255 petition for habeas corpus and its denial of his request for reconsideration are
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Parker was also charged with carrying a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count III)
 
 
 [2]
 Specifically, the district court found that Salas was at least eighteen years old at the time of the present offense, that he was charged with a felony controlled substance offense, and that he had two prior felony convictions for controlled substance offenses which could not be treated as related cases under the Guidelines. See U.S.S.G. §§ 4B1.1-4B1.2, 4A1.2(a)(2) and 4A1.2(a)(2), Application Notes n. 3 (prior sentences are not related if imposed for offenses that were separated by an intervening arrest)
 
 
 [3]
 See, e.g., In the Matter of Grabill Corp., No. 92-1209, slip op. at 3-4 (7th Cir. January 5, 1993) (order denying reconsideration is final judgment; appeal from final judgment brings up for appellate review all orders, except those that have become moot, rendered by trial court)
 
 
 [4]
 Insofar as Salas' allegation that his sentence was imposed "in violation of law" may be read as challenging that sentence on due process grounds, this claim was raised on direct appeal, see United States v. Salas, No. 90-1132 (7th Cir. February 22, 1991) (unpublished order), and found to be without merit. Id.; see, e.g., United States v. Marshall, 908 F.2d 1312, 1321 n. 7 (7th Cir.1990) ( en banc), aff'd sub nom. Chapman v. United States, 111 S.Ct. 1919 (1991); United States v. Pinto, 875 F.2d 143, 144 (7th Cir.1989)
 
 
 [5]
 In the event that the court accepted these arguments, Salas' attorney also proposed an alternative Sentencing Guideline calculation. Under this calculation, Salas' base offense level would be set at 26 to reflect the amount of cocaine charged in the indictment, namely, a quantity over 500 grams but less than two kilograms
 
 
 [6]
 We note also that Salas fails to squarely allege that had he been made aware of all the possible consequences of a three-year period of supervised release, he would not have pleaded guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). Thus, even if counsel had erred in not fully explaining the potential consequences of supervised release on Salas' total period of incarceration, such failure would not have been prejudicial, since there is nothing in the record to indicate that Salas might have changed his plea. Id. at 59-60, 106 S.Ct. at 370-71