**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————

No. 98-31299
Summary Calendar

———————————

United States of America,

Plaintiff-Appellee,

versus

Ricky J. Guillory, Jr.,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CR-128-ALL)

January 4, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

　　　Ricky J. Guillory, Jr. appeals his guilty plea to failure to surrender in violation of 18 U.S.C. § 3146(a)(2).[1] His attorney has, in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), filed a brief asserting that there are no nonfrivolous issues for appeal, described any grounds upon which a potential appeal might be made, and provided the brief to Guillory with instructions that Guillory could file an appeal *pro se* if he so desired.[2] Finding no nonfrivolous issues for review, we grant the *Anders* motion and dismiss the appeal.

———————————

[*]　Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

[1]　Guillory was previously convicted of four counts of making false statements in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) and was ordered to surrender on August 3, 1998. When Guillory failed to self-report, he was charged with the present offense.

[2]　Guillory has not filed a *pro se* brief on his behalf.

Our review of the record has identified only one issue upon which Guillory could potentially appeal: the trial court's violation of Federal Rule of Criminal Procedure 11. Before Guillory pled guilty, the court informed him that the maximum sentence he could receive was five years. He was sentenced to twenty-one months in prison and three years of supervised release, both penalties to run concurrent with the forty-one months in prison and three years of supervised release that had been imposed for the earlier firearms conviction. If he were to breach the terms of his supervised release, he could be subject to an additional two years in prison. *See* 18 U.S.C. § 3581(b)(4). Therefore, in a worst-case scenario, assuming that Guillory breached the terms of his supervised release on the last day of supervision and received the full penalty, he would be subject to six years and nine months of confinement. Accordingly, as the trial court informed him of a maximum five years confinement, the letter of Rule 11 was violated. *See* FED. R. CRIM. P. 11(c) ("Before accepting a plea of guilty . . . the court must . . . inform the defendant of . . . the maximum penalty provided by law, including the effect of any special parole or supervised release term.").

In past cases, we reversed pleas entered when Rule 11 was violated if the maximum possible penalty, under this "worst case scenario" framework, exceeded that which the defendant was told before he pled guilty. *See United States v. Hekimain*, 975 F.2d 1098, 1102-03 (5th Cir. 1992) (reversing plea when the district court incorrectly described the consequences of supervised release and the "worst case scenario" was ten years while the defendant was told that the maximum penalty for his crime was seven years); *United States v. Bounds*, 943 F.2d 541, 545-46 (5th Cir. 1991) (reversing plea because the while the trial court told the defendant he could receive a maximum sentence of twenty-five years, he received a sentence of twenty-five years plus three years of supervised release); *United States v. Garcia-Garcia*, 939 F.2d 230, 232-33 (5th Cir. 1991) (reversing plea when, under "worst case scenario," the defendant could serve eight years and three months but was only told he could serve five years). However, in those cases, we did not apply the harmless error st andard established by *United States v. Johnson*, 1 F.3d 296 (5th Cir. 1993) (en banc). *See United States v. Bachynsky*, 934 F.2d 1349, 1359-60 (5th Cir. 1991) (en banc) (allowing harmless

error analysis only "assuming the aggregate maximum period under the actual sentence of imprisonment and supervised release cannot exceed the statutory maximum explained to the defendant"); *see also Hekimain*, 975 F.2d at 1102-03 ("The *Bachynsky* condition is not met in Hekimain's case."); *Bounds*, 943 F.2d at 545-46 ("the result may be examined for harmless error under Rule 11(h) if the aggregate maximum period of incarceration under the actual prison sentence and supervised release does not exceed the statutory maximum explained to the defendant. For Bounds, this condition is not met.").

In *Johnson*, we reevaluated our prior framework for evaluating Rule 11 challenges, "replacing it entirely with the pure harmless error examination that was intended [by Rule 11(h)]." *Johnson*, 1 F.3d at 298; *see also* FED. R. CRIM. P. 11(h) ("Any variance form the procedures required by this rule which does not affect substantial rights shall be disregarded."). *Johnson*, therefore, governs all Rule 11 violations. *See United States v. Watch*, 7 F.3d 422, 428-29 & n.6 (5th Cir. 1993) (noting that *Bachynsky* has been overruled by *Johnson*). Accordingly, our inquiry is two-pronged. First, we ask whether the sentencing court varied from Rule 11 procedures. Second, if the court did stray from Rule 11 requirements, we ask whether the variance effected the defendant's substantial rights, in that "knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Id.* at 302.

Here, as described above, the trial court failed to describe to Guillory the potential consequences of his violating his terms of supervised release, and therefore miscalculated his "worst case scenario." Accordingly, the court did not fully comply with Rule 11.

However, the district court's error in this case was certainly harmless, in that it is quite unlikely that given the correct information, Guillory would not have pled guilty. Guillory had been sentenced to forty-one months in prison and a three-year term of supervised release for his earlier firearms violation. His sentence for the present offense, twenty-one months in prison and three years supervised release, was to run concurrent to the firearms sentence. In the "worst case scenario," where Guillory violated the terms of his supervised release on its final day and was sent back to

prison, the two terms of additional imprisonment (for violating the terms of supervised release on both charges) would have run concurrently. *See Hekimain*, 975 F.2d at 1101 n.1 ("prison terms following revocation of supervised release are served concurrently"). Therefore, the fact that the penalty for his new offense, failure to surrender, carried with it a three year term of supervised release the violation of which could result in two additional years in prison was completely irrelevant. The trial court's failure to mention the consequences of his supervised release was harmless, since Gillory already faced the identical threat.

*Anders* requires a court-appointed attorney who, believing his or her client's appeal to be wholly frivolous, to (1) make a "conscientious examination" of the case, (2) submit a brief referring to anything in the record that might arguably support the appeal, complete with references to the record and legal authorities, and (3) provide the brief to his or her client with instructions that he or she may file a *pro se* brief on their behalf if they choose to do so. *See United States v. Cordero*, 18 F.3d 1248, 1253 (5th Cir. 1994). Guillory's attorney has complied fully with the requirements of *Anders*. Finding no nonfrivolous issue for review, we GRANT the motion to withdraw and DISMISS Guillory's appeal.