James R. McCARTNEY,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 33870.

Missouri Court of Appeals,
Western District.

July 12, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 30, 1983.

Application to Transfer Denied Oct. 18, 1983.

Michael W. Walker, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Joseph Colagiovanni, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Movant appeals from the denial of his motion for relief pursuant to Rule 27.26. The single issue is whether the defendant's plea was unintentional and involuntary because of ineffectiveness of counsel premised upon movant's claim that a plea bargain was unfulfilled. The movant was charged in two cases of burglary in the second degree. The second burglary contained a separate count of stealing. The movant entered a plea, which included a dismissal of the stealing charge. It is to the proceedings concerning this plea that the movant addresses his claim that his counsel was ineffective.

Movant asserts that there was an unfulfilled plea bargain agreement and that his counsel was thereby ineffective. Movant had prior convictions for burglary, attempt-

ed burglary, stealing, and narcotics violations.

Prior to movant's appearance for his guilty plea proceeding, the state and counsel for the defendant had discussed the possibilities of a plea bargain. The only record reference to this agreement appears in the transcript of the plea proceedings as follows:

THE COURT: Now, the only committment [sic] I've made to your attorney is, really two, one, that I'd defer sentencing on both cases and order a pre-sentence investigation report.

A. Yes, sir.

THE COURT: The second thing is that after I get that P.S.I., if I do incarcerate you at that time, the maximum sentence I will impose on all three charges would be seven years.

A. Yes, sir.

THE COURT: Now, that's the only committment [sic] I've made to your attorney.

A. Yes, sir.

After this statement, the trial court entered into a lengthy exchange with counsel and the defendant to insure that the defendant understood the nature of the proceedings and the extent to which the court was bound in connection with the guilty plea agreement. The court then pointed out to the defendant that a pre-sentence investigation would be made and that he would not be sentenced immediately.

The court acknowledged that under the plea negotiations no sentence greater than seven years would be imposed if the defendant were incarcerated at the time of the hearing on sentence after the pre-sentence investigation. The court further noted that if the defendant were placed on probation, the court had made no commitment as to the length of probation or sentence, nor as to the suspension or imposition of execution of sentence. The court further explicated its position by asking the following questions:

THE COURT: You understand that if I do suspend execution of sentence and put you on probation, I can sentence you to a total of twenty-five years?

A. That's fine.

THE COURT: You understand that?

A. I do.

THE COURT: And that if I do put on probation and you violate probation that after a hearing, I could, you could go to the penitentiary for a greater term than seven years, if I go that route.

A. Yes, sir.

THE COURT: You understand that?

A. Yes, I do.

After all of the foregoing, the court then asked movant if he wished to have his plea of guilty accepted and also addressed movant's attorney and asked the attorney if there was any reason why the plea should not be accepted. The defendant thereupon entered his plea.

Against this background the movant now claims that there was an unfulfilled plea bargain agreement and that the court would not permit him to withdraw his guilty plea on the basis of that unfulfilled plea bargain agreement. This contention of the defendant arises because the court sentenced the defendant to ten years for second degree burglary, five years for stealing with a five year probationary period, and suspended the sentences pending satisfactory probation period. The defendant was thereafter convicted of a felony and his probation revoked.

■ Movant's argument is that the actions of the trial judge amounted to a rejection and alteration of the plea bargain. From this, the movant contends that the trial judge was "involved" in the plea bargaining with the defendant present, which he urges is contrary to the holding of *State v. Tyler*, 440 S.W.2d 470 (Mo. banc 1969), and cites as further support the cases of *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), and *McMahon v. State*, 569 S.W.2d 753 (Mo. banc 1978). *Schellert* holds that if the court refuses to accept the plea bargain, the defendant must be given an opportunity to withdraw his plea. *McMahon* asserts that *Schellert* adopts Fed.R.Crim.P. 11(e)(4). The Missouri rule, Rule 24.02(d)(4), is a re-

script of the federal rule except for references to pleas of nolo contendere. If the action of the trial court were construed as a participation in the plea bargain, or a rejection of it, this case might present a serious question.

■ The movant's argument is untenable on the face of this record. This is not a case where the defendant had waived his right to a pre-sentence investigation under § 557.026 RSMo 1978. A pre-sentence investigation was part of the plea bargain. The trial court, having ordered a pre-sentence investigation and not having a plea bargain for probation before him, was under an obligation to tell the movant the options available to the court after such a pre-sentence investigation. All of these options were more favorable to the defendant than seven years immediate confinement would have been if probation was not granted. Movant and his counsel undoubtedly though so, for they raised no objection to the court's statement of the alternatives. The trial court did not alter the basic plea agreement nor reject it; the court simply explicated the consequences of the bargain. If the court had not done so, the claim now would be that the movant had been misled, even though he received probation with the greater, but suspended, sentences. The trial court properly placed on the record of the plea proceedings the options available to the court on the granting of probation. Such explanation of the basic, but skimpy, plea bargain cannot be said to be an alteration of the plea bargain, nor a rejection of it by the trial court.

■ The movant also argues that under *Schellert* the trial court erred in not permitting the withdrawal of his plea after the explication by the trial court. What has been said would answer this contention as well, but additionally, the plea transcript shows the following *after* the trial judge had stated the options if probation were given:

THE COURT: All right, I've told you exactly what my committment [*sic*] is to you. Actually all I'm going to do today is defer sentencing and order a presentence investigation by the State Board. Knowing exactly what my committment [*sic*] is to you, do you know any reason I should not accept your plea of guilty?
A. No sir.

THE COURT: Knowing what my committment [*sic*] is to you and what can happen as a result of your plea of guilty in these cases, do you want me to accept your plea of guilty?
A. Yes, sir.

THE COURT: Are you pleading guilty because you are guilty of the two offenses or the offenses with which you are charged with?
A. Yes, sir.

THE COURT: Are you also pleading guilty because of the plea negotiations?
A. Yes, sir.

THE COURT: Mr. Burnett, do you know of any reason I should not accept your client's plea of guilty to the burglary and burglary two and stealing?
MR. BURNETT: No, I don't.

THE COURT: Do you and he think it's in his best interest for him to enter a plea considering the status of the plea negotiations?
MR. BURNETT: Yes, your Honor, we feel it is.

THE COURT: Is your wife here in Court today?
A. Yes, sir.

THE COURT: Your brother and sisters and family are also here?
A. Yes, sir.

THE COURT: Mother and father?
A. Yes, sir.

THE COURT: Have you had ample opportunity to talk with them and with your lawyer concerning this?
A. Yes, I have.

THE COURT: Do you want additional time to talk with them? If you do, I'll give it to you.
A. No, sir.

THE COURT: You know once I accept your plea of guilty, it's difficult to set it aside.

A.  Yes, I do.

THE COURT: If you want more time, I'll give it to you.

A.  Everything is fine.

THE COURT: You're ready for me to go ahead and accept your plea of guilty today?

A.  I am.

THE COURT: I'll accept your plea of guilty on both files. I'll defer sentence pending receipt of the investigation by the State Board of Probation and Parole and be continued on the same bond.

The foregoing demonstrates the factual inaccuracy of the argument and its frivolity.

The trial court judgment is affirmed.

All concur.