Toney LAWSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53810.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Dorothy Mae Hirzy, Sp. Public Defender, Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his 27.26 motion after an evidentiary hearing. We affirm.

Movant pled guilty to five counts of sale of a controlled substance and was sentenced to five years on each count with the sentences for Counts I, II and III to run consecutively and the sentences for Counts IV and V to run concurrently with each other and with Counts I, II and III for a total of fifteen years. The court suspended execution of the sentences and placed movant on five years' probation. Movant's probation was subsequently revoked on February 21, 1985, reinstated on June 20, 1985, and again revoked on February 27, 1986, and execution of the imposed sentences was ordered.

■ Movant first asserts his guilty pleas were involuntary because his trial attorney "failed to investigate the charges [movant] faced." In order to prove counsel was ineffective for failing to investigate, movant must show "what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved defendant's position." *Franklin v. State*, 655 S.W.2d 561, 565[11] (Mo.App.1983). In reviewing the record in this case, we find defendant's position lacks substance. At the guilty plea hearing, the following exchange occurred:

Q. [COURT] You have had Mr. Larrew represent you as your lawyer. Do you think he's done a good job for you?
A. Yes, sir, I'm satisfied.

Q. Do you know of anything he could have done that he hasn't done?
A. No, sir.
Q. Any witnesses he could have contacted that he hasn't contacted?
A. No, sir.

Furthermore, when movant testified at the evidentiary hearing, he failed to disclose information which an investigation would have revealed to aid his defense. For these reasons, we find the motion court was not clearly erroneous in finding movant failed to prove his counsel was ineffective for failing to investigate.

■ Movant next alleges his guilty plea was involuntary because it was based on a plea agreement which the judge refused to honor. Movant asserts he was entitled to the opportunity to withdraw the plea when the judge refused to honor the agreement.

Movant is correct in his assertion that a judge who rejects a plea agreement must afford the defendant an opportunity to withdraw his plea. *Schellert v. State*, 569 S.W.2d 735, 739[5] (Mo. banc 1978). The emphasis in *Schellert* was that plea bargaining "be conducted fairly on both sides and the results ... not disappoint the reasonable expectations of either." *Id.*

In this case the record of the guilty plea hearing discloses the State agreed to recommend a sentence of five years on each count, with the sentences to run concurrently. When asked if any other promises were made to him to induce his guilty plea, movant replied "No, sir." Movant's attorney asked that movant be placed on probation. The judge ordered a pre-sentence investigation and released movant on his own recognizance pending the report from that investigation. Following the pre-sentence investigation, the judge sentenced movant and granted him suspended execution of sentence and five years' probation.

The record reflects movant pled guilty voluntarily and understood the consequences of his plea. Movant was not sentenced according to the State's recommendation because of his own requests and those of his attorney for probation. The judge informed movant that he would sentence him in accordance with the State's

recommendation if he determined probation was not appropriate. Movant's argument that his sentence was not as favorable as the State's recommendation because his probation violations resulted in revocation of the probation and subsequent imprisonment is not persuasive. *See McCartney v. State*, 657 S.W.2d 289, 291[2] (Mo.App. 1983) (fifteen-year suspended sentence with probation was more favorable to defendant than seven years immediate confinement). *See also Moore v. State*, 624 S.W.2d 520, 523 n. 1 (Mo.App.1981) (defendant given six-year suspended sentence with probation instead of three years immediate confinement was not prejudiced).

Judgment affirmed.

DOWD and REINHARD, JJ., concur.