**Ronald F. COLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18177.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 1993.

---

Lew Kollias, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

This appeal is from an order dismissing appellant's Amended Motion To Vacate, Set Aside, Or Correct Sentence Under Rule 24.-035 [1] without an evidentiary hearing. We affirm the court's ruling.

Appellant pleaded guilty to the Class B felony offense of trafficking in the second degree pursuant to § 195.223.[2] There was no plea bargain as such, but in exchange for the guilty plea the State agreed to a reduced bond and further requested deferment of sentencing for at least ninety days, for the purpose of determining appellant's cooperation with a federal agency, before making final sentencing recommendations. The trial court accepted the guilty plea, found that it was voluntary, ordered a presentence investigation, reduced appellant's bond as requested, and set sentencing three months later.

The transcript of the guilty plea reveals that appellant acknowledged there was no plea bargain with the State; the only representations made by the State were to rec-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. All references to statues are to RSMo Cum. Supp.1990.

ommend bond reduction and to take into consideration whatever assistance appellant might give the federal agency; that he had not been told or led to believe that any certain punishment would be imposed in exchange for his plea; he had no reason at all to enter the plea of guilty other than the fact that he was guilty as charged; and he had no questions concerning his rights or the consequences of his plea. In the presence of appellant, the trial court stated its understanding of the State's position on sentencing by saying that "some place down the road, depending on what occurs, there may or there may not be a recommendation."

In an effort to comply with Rule 24.-02(b)(1)[3], the court made inquiry of the assistant prosecutor concerning the range of punishment. The response was "five to 10, Judge, this is a Class B felony." In fact, this was incorrect in that the correct maximum punishment was fifteen years. Section 558.011.1(2). Apparently the misstatement was not corrected by either appellant's counsel or the court.

Appellant was eventually sentenced to ten years in the Department of Corrections, execution of sentence was suspended, and he was placed on probation for five years. Later, his probation was revoked and the ten-year sentence was ordered to be executed. Appellant thereafter filed his pro se Motion To Vacate, Set Aside Or Correct The Judgment Or Sentence pursuant to Rule 24.035, which was later amended by court-appointed counsel in a timely fashion. The court dismissed the Amended Motion To Vacate on the motion of respondent, without evidentiary hearing, and filed its Findings of Fact and Conclusions of Law. This appeal followed.

■ In his sole point on this appeal, appellant contends the court erred in overruling his motion for postconviction relief without an evidentiary hearing because he pleaded facts, not refuted by the record,

showing that he was advised by his counsel of an incorrect range of punishment which, in turn, prejudiced him by causing his plea of guilty to be entered in an uninformed and unknowing manner. In the same point, he alleges that the failure to inform him of the correct maximum range of punishment violated Rule 24.02(b)(1). The sole issue presented, therefore, is whether the court erred in denying appellant's motion without an evidentiary hearing. Our review is limited to the issue raised by appellant in his point relied on. *McCoo v. State,* 844 S.W.2d 565, 567–68 (Mo.App.1992).

■ In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and record in the case; and (3) the matters complained of must have resulted in prejudice to movant. *Broyles v. State,* 785 S.W.2d 685, 687 (Mo.App.1990); *Troupe v. State,* 766 S.W.2d 722, 723 (Mo.App.1989); *Chapman v. State,* 720 S.W.2d 17, 18 (Mo.App.1986).

■ In his Amended Motion, appellant "asserts that had he been properly advised of the range of punishment he would not have entered a plea of guilty but would instead have proceeded to trial." Obviously, the only information contained in the record concerning range of punishment was incorrect. The question, however, is whether appellant's Motion and Amended Motion are sufficient to establish entitlement to an evidentiary hearing under the tests outlined above. We conclude that they are not.

The record is clear that appellant pleaded guilty with no plea agreement concerning the punishment to be imposed, with no belief that any certain punishment would be imposed, and with the belief that the

---

**3.** Rule 24.02(b)(1) provides, in pertinent part:
(b) Advice to Defendant. Before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; ...

range of punishment included the term to which he was ultimately sentenced. The motion court, in its Findings of Fact and Conclusions of Law, found:

This Court finds that Movant was not prejudiced by the prosecutor's misstatement of the range of punishment. The Court notes that Movant pled guilty under a plea agreement providing that the State would not make a recommendation as to the length of the prison term to be imposed. Movant stated that he understood that there was no such recommendation on behalf of the State. Movant also stated that he had not been promised that he would receive a certain punishment if he pled guilty. The Court notes that the prosecutor, at sentencing, stated the range of punishment as from five to ten years in the Missouri Department of Corrections. The Court also notes that Movant believed he was facing a prison term of as much as ten years, and subsequently received a prison term of ten years. This sentence was within the parameters expected by Movant. The Court finds that Movant was not prejudiced by the fact that the maximum sentence possible was fifteen years, rather than ten years.

Under the facts of this particular case, we agree with the motion court that there was no prejudice to appellant in being advised of the incorrect range of punishment when the sentence actually imposed was within both the correct range of punishment as well as that which appellant was told applied. Certainly, appellant stated no facts or special circumstances in his Amended Motion to support the conclusory allegation that he would have proceeded to trial if he had been properly advised about the range of punishment. This type of showing is required to demonstrate prejudice. *Hill v. Lockhart,* 474 U.S. 52, 59–60, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203, 210–11 (1985).

Appellant relies principally on three cases, to-wit: *Wiles v. State,* 812 S.W.2d 549 (Mo.App.1991); *Perryman v. State,* 755 S.W.2d 598 (Mo.App.1988); and *Murrain v. State,* 714 S.W.2d 177 (Mo.App. 1986). All of them are distinguishable from the facts here. The *Wiles* and *Perryman* cases each involved a situation where the defendant pleaded guilty under a plea agreement after being told the maximum punishment was greater than was actually the case. Therefore, they each could have thought the risk of going to trial was greater than it actually was. In the *Murrain* case the defendant was not informed by the court concerning the minimum punishment, but did receive that information from counsel. In the instant case, there is nothing to indicate that the incorrect information about possible maximum punishment could have induced the guilty plea. However, the correct information that the maximum punishment was fifteen years rather than ten years would have been more likely to have induced a guilty plea because it would have served to reveal that the risk of trial was greater than was indicated to appellant prior to his plea.

Rule 24.02(b)(1), requiring disclosure of the maximum possible penalty, is similar to earlier versions of Federal Rule 11. The result we reach here is consistent with that reached in such federal cases as *United States v. Rodrigue,* 545 F.2d 75 (8th Cir. 1976); *Bell v. United States,* 521 F.2d 713 (4th Cir.1975); and *United States v. Sheppard,* 588 F.2d 917 (4th Cir.1978). In the *Bell* case, the court agreed that a defendant should be entitled to withdraw a plea of guilty if he received an actual penalty greater than the maximum he was told he could receive. Where, however, the converse was true and he received an actual penalty within the range he was told he could expect, the court found no reason to conclude he was misled and said, "[u]nder these circumstances, rearraignment is not necessary to either of the dual purposes of Rule 11: to insure voluntariness, or to create and preserve an adequate record of waiver." *Bell v. United States,* 521 F.2d at 715. In the *Rodrigue* case, *supra,* the court found defendant's claim frivolous when the sentence actually imposed was within that which he was incorrectly told was possible. Finally, in the *Sheppard* case, the court said there would be no necessity to invalidate the guilty plea if the

actual sentence given were reduced to conform to the incorrect information provided to defendant at the time of his plea. If that were done, the court said, "... the sentence would conform to precisely what the defendant himself claims he understood to be the maximum sentence to which he exposed himself by his plea. In that circumstance, there would be no necessity to invalidate the defendant's guilty plea in order to insure that the defendant understood the consequences of his plea, which is a purpose of Rule 11." *United States v. Sheppard,* 588 F.2d at 918.

We do not believe the case of *Allen v. United States,* 634 F.2d 316, 317–18 (5th Cir.1981), cited by the dissent, is inconsistent with the result we reach. In that case, just as here, there was no plea bargain and the defendant alleged he would have gone to trial rather than plead guilty if he had known the correct maximum punishment. The misinformation there was that defendant was told the maximum punishment was greater than was actually the case. In that case the Fifth Circuit held that although the misstatement was a violation of Federal Rule 11, that fact alone did not entitle the defendant to relief because the facts demonstrated that the mistake was not likely to have been a material factor affecting his decision to plead guilty. The court, 634 F.2d at page 318, cited with approval *United States v. Guerra,* 588 F.2d 519 (5th Cir.1979), for the proposition that a "petitioner does not establish his right to a hearing by the simple expedient of filing a petition and a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations."

■ Our review of the motion court's dismissal of the Rule 24.035 motion is limited to a determination of whether the Findings of Fact and Conclusions of Law are clearly erroneous. Rule 24.035(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Edmonds v. State,*

819 S.W.2d 90, 91 (Mo.App.1991). Such findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

We conclude that the motion court's finding is not clearly erroneous and it is, therefore, affirmed.

MONTGOMERY, P.J., concurs.

FLANIGAN, J., dissents, and files dissenting opinion.

FLANIGAN, Judge, dissenting.

I respectfully dissent.

With an exception not applicable here, Rule 24.02(b)1 [1] requires the court, *before* accepting a plea of guilty, to address the defendant personally in open court, and inform him of, and determine that he understands, among other things, "the maximum possible penalty provided by law." As the principal opinion points out, the correct maximum punishment was 15 years' imprisonment. The information given to movant, at the guilty plea hearing and prior to the entry of the plea, was that the maximum was 10 years.

Movant's amended motion alleges that he was given the foregoing misinformation before entering his guilty plea. The motion then alleges:

Further Movant asserts that no one had previously advised him of the proper range of punishment and that he understood the range of punishment to be five to ten years in the Department of Corrections. Movant asserts that had he been properly advised of the range of punishment he would not have entered a plea of guilty but would instead have proceeded to trial.

The principal opinion affirms the trial court's denial of the motion without an evidentiary hearing. The principal opinion holds that there was no prejudice to mov-

---

1. Except where otherwise indicated, all references to rules are to Missouri Rules of Court,

V.A.M.R.

ant in being advised of the incorrect range of punishment because the sentence actually imposed was within both the correct range of punishment "as well as that which [movant] was told applied."

Rule 24.035(a) enumerates certain claims and states that Rule 24.035 provides the exclusive procedure by which movant may seek relief in the sentencing court for such claims. The enumerated claims are: "that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law." "Due process" challenges to the validity of a guilty plea would be included.

In *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir.1991), the court said:

> The applicable standard for determining the validity of guilty pleas under due process was set forth in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There the Supreme Court held that a guilty plea is only valid if it is both "voluntary" and "intelligent." *Id.* at 242, 89 S.Ct. at 1711; *see also North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant."). Likewise, in *Brady v. United*

States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Court held that for a plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea." *Id.* at 755, 90 S.Ct. at 1472 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957)). We test the voluntariness of a plea by considering the totality of the circumstances.

The instant plea was not voluntary and intelligent because movant was not apprised of the direct consequences of entering the plea and was, in fact, misinformed of those consequences. In violation of Rule 24.02(b)1, the judge who accepted the plea did not inform movant of "the maximum possible penalty provided by law," which, of course, means the correct maximum. Even worse, the judge misinformed movant as to the maximum possible penalty.[2]

In *United States v. Scott*, 625 F.2d 623 (5th Cir.1980), Scott filed a petition for writ of habeas corpus, seeking to vacate the sentence imposed upon him after his plea of guilty. He contended his plea was involuntary because the sentencing court incorrectly informed him of the maximum possible sentence. Scott was told that the maximum was five years when in fact the maximum was six years. The district court denied the petition on the ground that Scott had showed no prejudice resulting from a violation of Rule 11,[3] Federal Rules of

**2.** The principal opinion cites *United States v. Rodrigue*, 545 F.2d 75 (8th Cir.1976); *Bell v. United States*, 521 F.2d 713 (4th Cir.1975); and *United States v. Sheppard*, 588 F.2d 917 (4th Cir.1978). All three involved a failure of the trial court to explain to defendant, prior to accepting his guilty plea, what the maximum special parole sentence might be. There was no misinformation.

**3.** In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court dealt with Fed.R.Crim.P. 11 as amended in 1966. The rule then consisted of only four sentences. The second sentence read: "The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the

plea." The rule was extensively amended in 1975.

In *McCarthy*, the judge who accepted the plea did not personally inquire whether the defendant understood the nature of the charge. The court held that "any noncompliance with Rule 11 is reversible error," 394 U.S. at 464, n. 9, 89 S.Ct. at 1170, n. 9, and that "prejudice inheres in a failure to comply with Rule 11." 394 U.S. at 471, 89 S.Ct. at 1173. *McCarthy*, involved a direct appeal from the guilty plea proceeding.

In *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), a post-conviction proceeding under 28 U.S.C. § 2255, petitioner claimed that the trial judge violated Rule 11 by accepting his guilty plea without informing him of the mandatory special parole term. The court said, 441 U.S. at 785, 99 S.Ct. at 2088, "We decide only that such collateral relief is not available when all that is shown is a failure to

Criminal Procedure, the counterpart of Rule 24.02(b).

Scott pleaded that he would not have entered a guilty plea if he had been correctly advised that the maximum sentence was six years. The court of appeals reversed the district court's order denying the petition and remanded the case for a hearing so that Scott could have the opportunity "to attempt to establish that he would not have pled guilty but for the district court's failure to instruct him of the maximum possible sentence." The court said, 625 F.2d at 625: "A conviction on a guilty plea tendered solely as a result of faulty advice is a miscarriage of justice. Scott's pleadings sufficiently allege prejudice, which, if proved, would afford a basis for collateral relief. It was therefore error to dismiss the petition."

In *Pitts v. United States,* 763 F.2d 197 (6th Cir.1985), the district court dismissed Pitts' motion, under 28 U.S.C. § 2255, to vacate his sentence. The district court, prior to the entry of Pitts' guilty plea, misinformed him of the maximum possible sentence. Pitts was informed he could receive 25 years. The true maximum was 15 years. One of the grounds in Pitts' motion was misadvice by the trial court on his maximum possible exposure. Pitts alleged he would not have pleaded guilty if he had been properly advised.

The court of appeals, reversing the order of the trial court denying relief, said, 763 F.2d at 201:

> These issues must also be remanded for an evidentiary hearing. We stress that this case does not involve a mere failure to give a defendant some information which he later claims would have

affected his pleading decision. Instead it involves affirmative misstatements of the maximum possible sentence. Numerous cases have held that misunderstandings of this nature invalidate a guilty plea.

.　　.　　.　　.　　.

An evidentiary hearing is needed on this issue to determine whether the trial court's misstatement was material to Pitts' decision, or, in other words, to determine whether Pitts would not have pleaded guilty but for the misstatement. *See Williams v. Smith,* 591 F.2d 169, 172 (2d Cir.), *cert. denied,* 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979).

In *Hart v. Marion Correctional Inst.,* 927 F.2d 256 (6th Cir.1991), the trial judge, prior to accepting Hart's guilty plea, informed him that his maximum period of incarceration was 15 years. The actual maximum was 75 years. The challenged plea was entered in a state court. The court of appeals found that Hart did not intelligently enter his plea and granted habeas corpus. The court held that Hart's plea was not entered with a sufficient awareness of the relevant circumstances and likely consequences.

In the case at bar, the principal opinion says: "However, the correct information that the maximum punishment was fifteen years rather than ten years would have been more likely to have induced a guilty plea because it would have served to reveal that the risk of trial was greater than was indicated to appellant prior to his plea."

The foregoing statement seems inconsistent with the following language in *Allen v. United States,* 634 F.2d 316, 317–18 (5th Cir.1981):

comply with the formal requirements of the Rule." The court said, 441 U.S. at 784, 99 S.Ct. at 2087, "[The prisoner] does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the Rule. That claim could have been raised on direct appeal, see *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but was not."

See 41 A.L.R.Fed. 874—Construction and application of Rule 11(c) of Federal Rules of Crim-

inal Procedure as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty. Section 6(a) of that annotation deals with misstatement as to possible maximum penalty.

In 1983, Fed.R.Crim.P. 11 was amended by the addition of subdivision (h), which reads: "(h) Harmless Error—Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." No such provision appears in Rule 24.02.

It is inherently incredible that a person would voluntarily submit himself to a possible thirty-five year sentence but would take his chances on getting an acquittal if he faced only twenty-five year sentence. *Cf. Barton v. United States,* 458 F.2d 537, 541–42 (5th Cir. 1972) (if the defendant believed that a harsher sentence awaited the guilty plea than the one that could actually be imposed, the probability that such a misapprehension would encourage a defendant to plead "not guilty" outweighs the possibility that such misinformation might cause him to plead guilty); *United States v. Woodall,* 438 F.2d 1317, 1329 (5th Cir.) (en banc), *cert. denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971). *See Schofield v. United States,* 441 F.2d 1219 (7th Cir.1971) ("If [defendant] were of the opinion that he could be sentenced up to forty-five years on a plea of guilty, we do not see that he was thereby induced to plead guilty in this posture to any greater extent than if he had been correctly informed that on a guilty plea the maximum sentence he could receive would be only twenty-five years." 441 F.2d at 1221).

In my view, whether the misinformation consisted of overstating or understating the maximum possible penalty, the controlling fact is that it was misinformation. If the guilty plea would not have been entered if the court had given the correct information, movant was prejudiced by the error and was denied due process. The amended motion contains that allegation.

In *Wiles v. State,* 812 S.W.2d 549, 552 (Mo.App.1991), this court, in a proceeding under Rule 24.035, dealt with a situation where the defendant, before entering his guilty plea, was misinformed as to the correct maximum penalty. The maximum was overstated. The trial court dismissed the motion without an evidentiary hearing. This court reversed the dismissal and remanded for an evidentiary hearing. Significantly, the court pointed out, 812 S.W.2d at 552, that the question was whether the plea of guilty was voluntarily and knowingly given, not whether the sentence imposed was within the applicable range of punishment.

In my view, movant was entitled to an evidentiary hearing on his motion and the trial court erred in ruling otherwise.