David VANZANDT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

Nos. 27536, 27538.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 31, 2007.

Craig Allan Johnston, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

This is a consolidated appeal from orders in two separate cases denying the request of David Vanzandt (Vanzandt) for post-conviction relief pursuant to Rule 24.035.[1] We affirm.

## I. Factual and Procedural Background

In the first case, Vanzandt pled guilty in May 2002 to one count of manufacturing methamphetamine (the drug case). *See* § 195.211. He was sentenced to serve six years in prison, but execution of the sentence was suspended. The court placed Vanzandt on five years supervised probation. In the second case, Vanzandt pled guilty in April 2003 to one count of statutory sodomy in the first degree (the sodomy case). *See* § 566.062. Imposition of sentence was suspended, and Vanzandt was placed on five years supervised probation. In each case, it was a condition of Vanzandt's probation that he not use any controlled substance except as prescribed for him by a licensed medical practitioner.

In September 2003, Vanzandt admitted during a random drug test that he had used marijuana. A probation-revocation hearing was held in December 2003. The trial court found that Vanzandt had violated a condition of his probation in both cases by using marijuana. In the drug case, Vanzandt was ordered to serve the previously suspended six-year sentence. In the sodomy case, he was sentenced to serve fifteen years in prison.

In March 2004, Vanzandt filed a timely *pro se* Rule 24.035 motion for post-conviction relief in each case. Appointed counsel

timely filed separate amended motions, and counsel's request to consolidate the post-conviction cases was granted. In September 2005, the motion court conducted an evidentiary hearing. In January 2006, the court entered separate orders denying post-conviction relief in each case. This appeal followed. Additional facts necessary to the disposition of the case are included below as we address Vanzandt's two points of error.

## II. Standard of Review

■ Appellate review of an order overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Mendez v. State*, 180 S.W.3d 75, 79 (Mo.App.2005). We presume the motion court's findings and conclusions are correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* Vanzandt bore the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence. Rule 24.035(i); *Harris v. State*, 184 S.W.3d 205, 209 (Mo.App.2006).

To prevail on a claim of ineffective assistance of counsel, Vanzandt must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that Vanzandt was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Harris*, 184 S.W.3d at 209. "In the context of a guilty plea, a movant establishes prejudice due to inef-

---

1. All references to rules are to the Missouri Court Rules (2006). All references to statutes are to RSMo (2000).

fective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State*, 15 S.W.3d 49, 54 (Mo.App.2000); *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998).

As with any guilty plea, a claim of ineffective assistance of counsel is immaterial, except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992); *Cook v. State*, 193 S.W.3d 378, 382 (Mo. App.2006). On a claim of ineffective assistance of counsel, the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including Vanzandt's testimony. *Krider v. State*, 44 S.W.3d 850, 858 (Mo.App.2001). This Court defers to the motion court on matters of credibility. *Id.; Cook*, 193 S.W.3d at 387.

### III. Discussion and Decision

On appeal, Vanzandt presents one point related to each conviction and sentence. For ease of analysis, we will address the points in reverse order.

#### *Point II: The Drug Case*

In February 2002, Vanzandt was charged by information with one count of manufacturing a controlled substance (Count I) and two counts of possession of a controlled substance (Counts II and III). On May 9, 2002, Vanzandt entered a plea of guilty to Count I of the information pursuant to a plea agreement. According to the plea petition, Vanzandt understood the range of punishment was "five to fifteen years imprisonment[.]" The plea petition further specified: "Sentence will not exceed five years, State will dismiss Counts II and III and will not oppose recommendation of Probation & Parole in presentence investigation."

At the plea hearing, defense counsel informed the plea court: "My understanding upon a plea of guilty to Count I, which we're entering at this time, the State will nolle pros Counts II and III, and recommend a five-year cap on Count I, and then will not oppose any recommendation by Probation and Parole in the presentence investigation." The State agreed that was a correct summary of the plea agreement.

The court reviewed the plea petition and questioned Vanzandt about his understanding of the plea agreement:

Q It says on [the plea petition] that sentence will not exceed five years. You understand if you are put on probation and not sent to the penitentiary, the sentence that's suspended on probation could be more than five years? You understand this?

A Yes, sir.

Q Your range is from 5 to 15, so anything in that range. However, if you did go to the penitentiary, your sentence could not be more than five years. Is that your understanding?

A Yes, sir.

The plea court accepted Vanzandt's plea and ordered a presentence investigation report.

In June 2002, the sentencing hearing was held. The presentence investigation report recommended probation, which the State did not oppose. The court placed Vanzandt on supervised probation for five years. The court added, without any objection from plea counsel or Vanzandt: "You do have a sentence within the Department of Corrections of six years. That's suspended." As noted above, Vanzandt later violated a condition of his probation by using marijuana. The court revoked Vanzandt's probation and ordered execution of his sentence.

Vanzandt's amended Rule 24.035 motion concerning the drug case alleged, *inter alia*, that plea counsel was ineffective for failing to object to the imposition of a sentence greater than that provided in the plea bargain. At the evidentiary hearing, Vanzandt testified that his understanding of the plea bargain was that he was to receive "[f]ive years probation and five years cap...." He testified that if he had thought he was going to get more than five years, he would have gone to trial. Vanzandt's plea counsel, on the other hand, testified that he did not object to the imposition of the six-year suspended sentence because his understanding was that the "five-year cap" applied only if the court denied probation and ordered Vanzandt's immediate confinement. Counsel testified that he explained this to Vanzandt. Consistent with that testimony, the transcript of the sentencing hearing does not reveal any protest by Vanzandt when the plea court imposed a six-year suspended sentence in conjunction with the grant of probation.

The motion court denied relief because Vanzandt failed to meet his burden of proof. The court concluded that "[c]ounsel was not ineffective because under the plea agreement, if movant was granted probation at sentencing he could receive a suspended execution of sentence anywhere from five to fifteen years." As support for that conclusion, the court pointed to Vanzandt's testimony at the plea hearing that he understood his suspended sentence could be longer than five years if he were granted probation.

In Vanzandt's second point on appeal, he argues the motion court's ruling was clearly erroneous because the six-year suspended sentence imposed by the court violated the plea bargain. We disagree.

Vanzandt's claim that he received a heavier sentence than he expected does not entitle him to relief absent proof that:

(1) he held a mistaken belief about the sentence he was supposed to receive pursuant to the plea bargain; (2) this mistake was based upon a positive misrepresentation upon which he was entitled to rely; and (3) the mistake was reasonable. *Talley v. State*, 146 S.W.3d 465, 467 (Mo.App. 2004). The motion court found that the imposition of a six-year suspended sentence did not violate the plea bargain because Vanzandt was placed on probation as he requested. Vanzandt's plea counsel testified that the "five-year cap" on sentencing in the plea agreement applied only if probation was denied and Vanzandt was sentenced to immediate confinement. The only promise by the State concerning Vanzandt's request for probation was that the State would not oppose a favorable recommendation to that effect in the presentence investigation. Vanzandt and the State had not reached any other agreement concerning the terms and conditions of probation, including the length of any suspended sentence that might be imposed. Plea counsel's testimony was entirely consistent with the plea court's own warning to Vanzandt that he could receive a suspended sentence of between five and fifteen years in prison if probation were granted.

A suspended sentence with probation is generally more favorable to a defendant because he or she can avoid serving any prison time by complying with the conditions of probation. *See Moore v. State*, 624 S.W.2d 520, 522 (Mo.App.1981). Thus, the plea court's decision to impose a six-year sentence in conjunction with placing Vanzandt on probation, instead of ordering his immediate confinement in prison for five years as the State recommended, did not violate the plea agreement. *See, e.g., Lawson v. State*, 757 S.W.2d 646, 648 (Mo.App.1988); *McCartney v. State*, 657 S.W.2d 289, 291 (Mo. App.1983).

*McCartney* is on all fours with the case at bar. There, the parties agreed that: (1) sentencing would be deferred pending a presentence investigation report; and (2) if the defendant was immediately incarcerated, the maximum sentence would be seven years. *McCartney,* 657 S.W.2d at 290. The trial court ultimately placed McCartney on probation with a fifteen-year suspended sentence. *Id.* After McCartney committed a felony, his probation was revoked and he was ordered to serve his fifteen-year sentence. The western district of this Court held that the trial court followed the agreement and did not alter or reject it:

> The trial court, having ordered a presentence investigation and not having a plea bargain for probation before him, was under an obligation to tell the movant the options available to the court after such a pre-sentence investigation. All of these options were more favorable to the defendant than seven years immediate confinement would have been if probation was not granted. Movant and his counsel undoubtedly thought so, for they raised no objection to the court's statement of the alternatives. The trial court did not alter the basic plea agreement nor reject it; the court simply explicated the consequences of the bargain.

*Id.* at 291. We reach a similar conclusion here. At sentencing, the State dismissed Counts II and III of the information and did not oppose the recommendation in the presentence investigation report that Vanzandt be placed on probation. The sentencing court followed the recommendation in the presentence investigation report and granted probation. As that was a disposition contemplated by the plea agreement, Vanzandt received the benefit of his bargain. The fact that Vanzandt ultimately will be required to serve more than five years in prison results from his violation of the conditions of his probation, rather than the trial court's failure to follow the plea agreement. *See Barmore v. State,* 117 S.W.3d 113, 116 (Mo.App. 2002); *Adams v. State,* 210 S.W.3d 387 (Mo.App.2006).

In conclusion, the motion court did not clearly err in ruling that Vanzandt failed to satisfy his burden of proof. Vanzandt failed to prove that any mistaken belief about his sentence was induced by a positive misrepresentation of his plea counsel or that any such mistaken belief was reasonable. *See McNeal v. State,* 910 S.W.2d 767, 769 (Mo.App.1995). Plea counsel's testimony that he explained the five-year cap aspect of the plea agreement to Vanzandt and the plea court's own pointed warning to Vanzandt about the available sentencing options provide ample support for the motion court's determination that Vanzandt understood the range of punishment and knew that, if he were granted probation, he could receive a suspended sentence of five to fifteen years. Therefore, the sentence imposed by the court did not violate the plea bargain because the parties had not agreed upon the terms and conditions as to probation and the six-year suspended sentence was well within the five-to-fifteen-year range of punishment for the class B felony of manufacturing methamphetamine. *See* § 195.211.2; § 558.011.1(2). Plea counsel cannot be deemed ineffective for failing to make a nonmeritorious objection at the time of sentencing. *See State v. Clay,* 975 S.W.2d 121, 135 (Mo. banc 1998); *Tilley v. State,* 202 S.W.3d 726, 738 (Mo.App.2006). Point II is denied.

### *Point I: The Sodomy Case*

In April 2003, Vanzandt pled guilty to committing statutory sodomy in the first degree for having deviate sexual intercourse with a child less than fourteen

years old. The plea petition executed by Vanzandt indicated that he was promised "SIS 5 years supervised probation" in exchange for his guilty plea. The plea petition further specified that the range of punishment for the sodomy offense was "five to life[.]" During the plea hearing, the court reviewed the plea petition and asked Vanzandt if he understood the range of punishment:

Q  You understand what the range of punishment is? I believe it's five to life. You understand this?

A  If probation is broken?

Q  Right.

A  Yes, sir.

Q  Your probation, if it's violated, you don't complete the program, or you violate the law or another condition, the Court could do anything from five years up to 30 or life imprisonment. So it's a very, very serious offense, and you need to take the probation seriously.

The court accepted Vanzandt's guilty plea. Pursuant to the plea agreement, the court suspended the imposition of sentence and placed Vanzandt on five years supervised probation. Vanzandt violated a condition of his probation by using marijuana. Probation was revoked, and the court imposed a sentence of fifteen years.

Vanzandt's amended Rule 24.035 motion in the sodomy case, alleged, *inter alia,* that plea counsel misinformed Vanzandt by telling him that the authorized range of punishment provided by § 566.062.2 was "five years to life" rather than the correct range of "life imprisonment or a term of years not less than five years...."

In September 2005, the motion court held an evidentiary hearing. Vanzandt testified that plea counsel said the range of punishment for statutory sodomy was "five to life." According to Vanzandt, he did not know that he faced an "unlimited sentence"; if he had known, he would have rejected the plea and insisted on going to trial. Vanzandt's testimony was disputed by plea counsel. He recalled warning Vanzandt that if he stumbled in his probation status, leading to a revocation, the State would "give him as much as [it] possibly could." Counsel further explained to Vanzandt that "the SIS is a good deal. You won't have a conviction for it if he can make it five years without violating the law. But I also explained even a minor violation, he could expect that [the State] would come down on all fours right in the middle of his back. And unless he thought he could make if for five years without even a minor violation, he shouldn't take that offer."

On January 11, 2006, the motion court denied Vanzandt's request for post-conviction relief because he failed to meet his burden of proof. The court found that Vanzandt's guilty plea was freely, voluntarily and intelligently entered because he "was properly advised by plea counsel and trial court of the range of punishment and the potential consequences of a violation of probation." This appeal followed.

■ In his first point, Vanzandt contends his guilty plea to the charge of statutory sodomy was not knowing and voluntary because he was misinformed about the range of punishment. Before accepting a guilty plea, the court must inform the defendant and determine that he or she understands "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law...." Rule 24.02(b)1. Vanzandt contends that he was induced to plead guilty involuntarily because the plea court and plea counsel misinformed him that the range of punishment was "five to life," when he actually could have been sentenced to an unlimited term of years. We find this argument unpersuasive for three reasons.

First, Vanzandt's argument is in error because the maximum permissible punishment for statutory sodomy is life imprisonment. § 566.062.2; *State v. Chapman*, 167 S.W.3d 759, 761 (Mo.App.2005) (noting that the maximum punishment for this crime was increased to life imprisonment in 1994). Therefore, the motion court did not clearly err in denying relief because Vanzandt was correctly told by plea counsel and the plea court that he could be sentenced to life in prison. *See Meeks v. State*, 876 S.W.2d 755, 756 (Mo.App.1994).

Second, assuming *arguendo* that § 566.062 actually authorizes an unlimited term of years as punishment, Vanzandt received sufficient information to make an intelligent decision regarding his plea when he was told by counsel and the court that he could be sentenced to life imprisonment. *Martin v. State*, 187 S.W.3d 335, 341 (Mo.App.2006), is directly on point. There, Martin was charged with committing armed criminal action in violation of § 571.015. The only authorized sentence for this crime is "a term of not less than three years." § 571.015.1. Thus, the armed criminal action statute has no stated maximum punishment. At Martin's plea hearing, he was told that his sentence for this crime could be up to life in prison. In Martin's post-conviction action, he argued that the trial court was required by Rule 24.02 to advise Martin that he could be sentenced to an unlimited number of years before accepting his guilty plea. The motion court denied relief, and the eastern district of this Court affirmed for reasons which we find apropos here:

> Admittedly, the trial court did not explain that there was no maximum term of years specified in the armed criminal action statute and that that meant it could impose a term of any number of years, including amounts that would be greater than natural life. Even if Rule 24.02(b) required the court to tell a defendant that a particular crime carried

no mandatory maximum penalty, the failure to do so in this case was at worst a harmless, technical violation because the information provided to Martin was sufficient for him to make an intelligent decision regarding his plea. He was under no misapprehension at the time he entered his plea.

*Id.* (citation omitted). The same is true here. Vanzandt knew that he could receive up to life in prison as a sentence if he violated the conditions of his probation. Upon revocation, he was only sentenced to fifteen years, which was well within both the authorized range of punishment and the range of punishment explained to him at the plea hearing. Therefore, the motion court's finding that Vanzandt was not mislead about the range of punishment at the time of his plea is not clearly erroneous.

Third, Vanzandt's reliance on *Wiles v. State*, 812 S.W.2d 549 (Mo.App.1991), is misplaced. In *Wiles*, the defendant was told that the maximum penalty for his crime was life imprisonment; in fact, the actual maximum penalty was thirty years imprisonment. *Id.* at 551. We held that Wiles was entitled to an evidentiary hearing on his claim that his decision to plead guilty, rather than go to trial, resulted from being told that the maximum punishment for the crime was greater than it actually was. *Id.* at 552. Here, just the opposite is true. Vanzandt is claiming that his decision to plead guilty was involuntary because it was induced by incorrect information that the possible punishment for his crime was less than it actually was. We rejected just such an argument in *Cole v. State*, 850 S.W.2d 406 (Mo.App.1993). There, Cole was told that the range of punishment he faced was five to ten years. *Id.* at 408. The actual maximum punishment was fifteen years in prison. *Id.* He was given a suspended sentence of ten years and placed on probation. After his probation was revoked, he sought post-

conviction relief on the ground that counsel failed to advise him of the correct range of punishment. The motion court denied relief, and we affirmed that ruling because "there was no prejudice to [Cole] in being advised of the incorrect range of punishment when the sentence actually imposed was within both the correct range of punishment as well as that which [Cole] was told applied." *Id.* at 409. Cole relied on *Wiles,* which we distinguished for the following reason:

> *Wiles* ... involved a situation where the defendant pleaded guilty under a plea agreement after being told the maximum punishment was greater than was actually the case. Therefore, [Wiles] could have thought the risk of going to trial was greater than it actually was.... In the instant case, there is nothing to indicate that the incorrect information about possible maximum punishment could have induced the guilty plea. However, the correct information that the maximum punishment was fifteen years rather than ten years would have been more likely to have induced a guilty plea because it would have served to reveal that the risk of trial was greater than was indicated to appellant prior to his plea.

*Cole,* 850 S.W.2d at 409. This same reasoning is equally applicable to the case at bar. Therefore, the motion court's conclusion that Vanzandt freely, voluntarily and intelligently entered a plea of guilty in the sodomy case is not clearly erroneous. Point I is denied.

After review of the entire record, we are not left with a definite and firm belief that a mistake has been made. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991); *Mendez v. State,* 180 S.W.3d 75, 79 (Mo. App.2005). Accordingly, we affirm the motion court's orders denying post-conviction relief.

GARRISON and LYNCH, JJ., Concur.