

# Missouri Court of Appeals
## Southern District

### In Division

KENNETH M. SAUTER, JR.,        )
                                  )
        Movant-Appellant,      )
                                  )
v.                            )      No. SD38346
                                  )      Filed:  July 25, 2025
STATE OF MISSOURI,         )
                                  )
        Respondent-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Dean G. Dankelson, Circuit Judge

### AFFIRMED

Kenneth Sauter (Movant) appeals from an order denying his Rule 24.035 motion after an evidentiary hearing.[1] Based on our review of the record, Movant's amended motion was untimely due to appointed counsel incorrectly determining which version of the rules to follow. Accordingly, Movant was abandoned, but no remand for an abandonment hearing is required. When abandonment is clear on the face of the record and the claims in the amended motion have been heard at an evidentiary hearing and adjudicated, we will review the merits of those claims "without further delay." ***Nelson v. State***, --- S.W.3d ----, 2025

---

[1] All rule references are to Missouri Court Rules (2020), unless otherwise specified. All statutory references are to RSMo (2016).

WL 2053870, at *3 (Mo. banc July 22, 2025). Because the motion court did not clearly err by denying the two claims in Movant's amended motion, we affirm.

**Factual and Procedural Background**

In December 2020, Movant was charged with the class D felony offense of burglary in the second degree. *See* § 569.170. Movant pled guilty to this offense, and a seven-year sentence was imposed on November 1, 2021. Movant was represented by an appointed public defender at the sentencing hearing (Sentencing Counsel).

On March 14, 2022, Movant filed his initial Rule 24.035 motion to vacate, set aside or correct the judgment or sentence. On March 25, 2022, the motion court entered an order appointing the State Public Defender to represent Movant. Appointed counsel entered his appearance on March 31, 2022. The transcript of Movant's guilty plea and sentencing was filed on April 7, 2022.

On August 2, 2022, appointed counsel filed Movant's amended motion, 117 days after the transcript filing date. Appointed counsel had not requested, and the motion court had not granted, any extensions of the initial 60-day filing deadline. The amended motion alleged that Movant's Sentencing Counsel was ineffective for failing to call Movant's mother (Mother) and his mental health/substance abuse counselor (Counselor) at the sentencing hearing.

The motion court conducted an evidentiary hearing on August 17, 2023. Movant, Sentencing Counsel, and the two proposed mitigation witnesses testified.

On November 14, 2023, the motion court entered an order denying relief. In that order, the motion court stated that the amended motion was timely because it was filed three days before the due date of August 5, 2022. With respect to Mother, the motion court concluded her testimony would not have provided any mitigating information not already

contained in the sentencing assessment report (SAR). With respect to Counselor, the motion court similarly concluded that her testimony would not have added any material information that was not stated in the SAR. Therefore, the motion court concluded that Movant's counsel was not ineffective for failing to call either witness at the sentencing hearing, and that Movant failed to prove any prejudice resulted therefrom. Movant timely appealed that decision.

In Movant's initial brief in this Court, appointed counsel argued that the amended motion was timely for the following reason:

> The Office of the Public Defender was appointed on March 25, 2022. The guilty plea and sentencing transcripts were filed in the underlying case on April 7, 2022. Accordingly, pursuant to the then-version of Rule 24.035, the amended motion was due and timely filed [by] August 5, 2022. Effective November 4, 2021, Rules 24.035 and 29.15 were amended to provide 120 days in which to file an amended motion. [Record citations omitted.]

*See* Rule 24.035 Missouri Court Rules (2022).

## Discussion and Decision

*Timeliness*

In **Scott v. State**, --- S.W.3d ----, 2025 WL 2053158 (Mo. banc July 22, 2025), our Supreme Court reaffirmed the long-standing principle that courts have a duty to enforce the mandatory filing deadlines in Rule 24.035 and Rule 29.15:

> "[P]ostconviction deadlines 'play such an important role in the orderly presentation and resolution of post-conviction claims that the State cannot waive them. Instead, motion courts and appellate courts have a duty to enforce the mandatory time limits ... even if the State does not raise the issue.'" *Moore v. State*, 458 S.W.3d 822, 826-27 (Mo. banc 2015) (Fischer, J., concurring) ([ellipsis] in original) (quoting *Price* [*v. State*], 422 S.W.3d [292,] 297 [(Mo. banc 2014)]). In *Stanley v. State*, 420 S.W.3d 532 (Mo. banc 2014), this Court unanimously held in the Rule 24.035 context: "The time limits for filing a post-conviction motion are mandatory. The movant is responsible for timely filing the initial motion, and appointed counsel must timely file either an amended motion or a statement that the pro se motion is sufficient." *Id*. at 540 (internal citations omitted).

3

*Scott*, 2025 WL 2053158, at \*2. Therefore, our first task is to determine whether Movant's initial and amended motions were timely filed.

Movant was sentenced on November 1, 2021. Therefore, the version of Rule 24.035 in effect on that date applies to his post-conviction proceeding, regardless of any later amendments. *Scott*, 2025 WL 2053158, at \*5. Movant's initial motion had to be filed "within 180 days of the date the sentence [was] entered." Rule 24.035(b). Because Movant filed his initial motion 133 days after sentencing, this motion was timely.

With respect to the amended Rule 24.035 motion, the following timing requirements applied at the time of Movant's sentencing on November 1, 2021:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and:
>
> (1) Counsel is appointed, or
>
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
> ….
>
> The court may extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days.

Rule 24.035(g) (effective through November 3, 2021). Movant's counsel was appointed on March 25, 2022, but the complete transcript was not filed until April 7, 2022. Therefore, Movant's amended motion was due on Monday, June 6, 2022. No extension of that deadline was requested or granted within that 60-day time period. *See Martin v. State*, 606 S.W.3d 675, 678 (Mo. App. 2020) (post-conviction counsel must request an extension, and the court must grant the extension, for it to be effective). Accordingly, Movant's amended motion,

4

filed August 2, 2022, was untimely. As is evident from Movant's timeliness statement in his appellate brief, this resulted from appointed counsel applying the wrong version of Rule 24.035 to determine the due date for the amended motion. *Compare* Rule 24.035 Missouri Court Rules (2020), *with* (2022).

Ordinarily, our determination that the amended motion was untimely would require a remand for an abandonment hearing to determine whether the tardiness was the fault of appointed counsel, rather than the result of the movant's actions or inactions. *See **Luleff v. State***, 807 S.W.2d 495, 498 (Mo. banc 1991). That procedure is not required here for the same reason given in ***Nelson v. State***, --- S.W.3d ----, 2025 WL 2053870 (Mo. banc July 22, 2025):

> For Nelson and Woods, however, remand is not required because the record unmistakably demonstrates appointed counsel abandoned each movant by failing to timely file an amended motion, and these failures were not due to any negligence or intentional failure to act by Nelson or Woods. Instead, the record plainly shows appointed counsel's failures resulted from incorrectly determining which version of the rules to follow.
> ….
>
> Each counsel applied the wrong version of the rule and, as a result, miscalculated the deadline for each movant's amended motion. Neither Nelson nor Woods played any role in these miscalculations.
>
> Not only is there no need to remand for abandonment hearings, there also is no need to remand for the motion courts to address the claims in Nelson's and Woods' untimely amended motions. Because both motion courts erroneously concluded Nelson's and Woods' amended motions were timely, both held evidentiary hearings on the claims raised in each of the amended motions. Both motion courts made findings of facts and conclusions of law denying all claims in those amended motions.
>
> Rather than waste time and effort remanding for abandonment hearings when abandonment is clear on the face of the record, or remanding for evidentiary hearings on claims that already have been heard at an evidentiary hearing and adjudicated, the only reasonable conclusion is for this Court to reach the merits of Nelson's and Woods' appeals without further delay.

5

*Id*. at \*3. We reach the same conclusion and proceed to review the denial of the claims presented in Movant's amended motion on the merits.

*Standard of Review*

Movant bore the burden of proving the grounds asserted in his post-conviction motion by a preponderance of the evidence. Rule 24.035(i); ***Gales v. State***, 533 S.W.3d 796, 799 (Mo. App. 2017). Appellate review of an order denying a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); ***Flaherty v. State***, 694 S.W.3d 413, 416 (Mo. banc 2024); ***Johnson v. State***, 580 S.W.3d 895, 900 (Mo. banc 2019). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, this Court is left with a definite and firm impression that a mistake was made. ***Johnson***, 580 S.W.3d at 900; ***Latham v. State***, 554 S.W.3d 397, 401 (Mo. banc 2018). We presume the motion court's findings are correct. ***Shockley v. State***, 579 S.W.3d 881, 892 (Mo. banc 2019); ***Gales***, 533 S.W.3d at 799. The motion court was free to believe or disbelieve any evidence, whether contradicted or undisputed. ***Flaherty***, 694 S.W.3d at 419; ***Vanzandt v. State***, 212 S.W.3d 228, 231 (Mo. App. 2007). "This Court defers to the motion court on matters of credibility." ***Vanzandt***, 212 S.W.3d at 231; *see* ***Stacker v. State***, 357 S.W.3d 300, 303 (Mo. App. 2012).

*Analysis on the Merits*

The two claims in Movant's amended motion allege ineffective assistance of counsel for failing to call two mitigation witnesses at sentencing. As explained by our Supreme Court in ***Nelson***:

> "A movant may challenge counsel's assistance at sentencing as ineffective."
> *Swallow v. State*, 398 S.W.3d 1, 6 (Mo. banc 2013). "If a defendant aggrieved
> by ineffective assistance of counsel at sentencing is willing to abide by the

6

guilty plea or conviction, the defendant nonetheless may have recourse under a post-conviction motion if the defendant demonstrates that sentencing was influenced by ineffective assistance of counsel during sentencing." *Dawson v. State*, 611 S.W.3d 761, 769 (Mo. App. 2020) (internal quotation omitted). "[T]he two-pronged test from *Strickland* applies equally to claims of ineffective assistance of counsel arising out of a sentencing hearing." *Id.* (alteration in original) (internal quotation omitted). "Applied to claims of ineffective assistance of counsel at sentencing, a movant must show that but for sentencing counsel's errors ... the result of the sentencing would have been different, specifically, that his sentence would have been lower." *Id.* (alteration in original) (internal quotations omitted).

*Nelson*, 2025 WL 2053870, at \*4; *see* **Strickland v. Washington**, 466 U.S. 668, 687 (1984).

Movant presents two points on appeal. In Point 1, Movant contends Sentencing Counsel was ineffective for failing to call Mother as a mitigation witness during the sentencing hearing. In Point 2, Movant presents the same contention with respect to Counselor. Movant, Sentencing Counsel, Mother, and Counselor all testified at the evidentiary hearing.

With respect to Mother, the motion court summarized the testimony she could have provided at sentencing this way:

> She was aware that her son had been arrested on this charge, but she was not kept updated on the date of [Movant's] sentencing. She would have testified had she been asked. She would have testified that [Movant] was diagnosed with learning disabilities as a child that have impacted his ability to make a living as an adult. She would have testified that, at the time of the offense, the economic situation in their household was strained. Finally, she would have testified that [Movant] had a close relationship with his grandparents, and in particular his grandfather. She would have testified that as his grandfather's health declined, [Movant] took very good care of him, visited him frequently, and attended to his needs. She would have testified that [Movant] provided this care until his grandfather's passing.

The motion court made a factual finding that:

> [T]he testimony of [Mother] would not have provided any mitigating information that was not contained in the [SAR] that was filed with the Court before sentencing. The report states that [Movant] had "a supportive relationship with his family and he is closest with his mother. [Movant] states his mother is the one person who has helped him out with a lot during his

7

time on supervision. She pays for most of his expenses as [Movant] is not employed." Mother's hearing testimony did not provide any meaningful information beyond that provided in the SAR.

Based upon this finding, the motion court concluded that Movant failed to prove either that Sentencing Counsel was ineffective for failing to call Mother, or that any prejudice resulted from the lack of her testimony.

With respect to Counselor, the motion court summarized the testimony she could have provided at sentencing this way:

> [Counselor's place of employment] offers group and individual counseling services and specializes in counseling people recovering from substance abuse disorders. Counselor has testified in mitigation for her clients on many occasions. She has counseled [Movant] for many years and was his counselor for mental health and substance abuse issues at the time of the burglary underlying this case. She testified that she believed he had made progress on those issues over the time that she counseled him and that he was working hard to overcome his problems with mental health and substance abuse.

The motion court made a factual finding that:

> Just like [Mother's] proffered testimony was contained in the [SAR,] so was [Movant's] substance abuse history, including his many attempts at treatment and his current treatment. The SAR noted that [Movant] "has a long history of substance abuse treatment while on supervision. [Movant] continues to engage in substance abuse treatment although his history shows it is of no affect to his daily use." The report also includes "[Movant] has completed short term and long term treatment and continues to engage in outpatient treatment." Nothing that [C]ounselor stated at the hearing in this case adds any material information that was not stated in the SAR. She may have added a few details, or her opinion, but the sum and substance of her testimony is reflected in the report.

Based upon this finding, the motion court concluded that Movant failed to prove either that Sentencing Counsel was ineffective for failing to call Counselor, or that any prejudice resulted from the lack of her testimony.

8

Having reviewed the SAR and the transcript of the evidentiary hearing, we determine that the motion court's findings and conclusions with respect to both mitigation witnesses are not clearly erroneous.  Accordingly, we affirm the order denying relief.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR